## LEWIS et v MUTUAL HOLDING CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided July 23, 1935

Hugh Jenkins, Youngstown, J. W. Bricker, Columbus, and W. J. Forch, for plaintiff in error.

McKain, Ohl & Swanner, Youngstown, for defendant in error.

KLINGER and GUERNSEY, JJ, (3rd Dist) sitting by designation.

446

## OPINION

By KLINGER, PJ.

The record discloses that The Mutual Holding Company was incorporated on the 23rd of June, 1932, for the sole purpose of taking over certain assets of The City Trust & Savings Bank of the City of Youngstown, Ohio, for the purpose of liquidating the same, by reason of the fact that the Superintendent of Banks of the State of Ohio would not permit certain assets to be included among the assets of the reorganized bank under the contemplated re-opening plan.

It is obvious, as well as undisputed, from a consideration of the purpose clause in the articles of incorporation of The Mutual Holding Company, that it is authorized to engage in the business of buying and selling intangibles.

It is contended by the plaintiffs in error that notwithstanding the authority and purpose in the character of The Mutual Holding Company, the same is in fact not a "dealer in intangibles." This contention is premised upon the following language in §5414-1, GC.

"Neither casual or isolated transactions of any of the kinds enumerated in this section * * * shall constitute engaging in business within the meaning of this section."

In other words, plaintiffs in error contend that the number of transactions, as disclosed by the testimony, consummated by The Mutual Holding Company, were so few and negligible that The Mutual Holding Company was not entitled to the rights and prerogatives of §5414-1, GC.

A careful examination of the bill of exceptions shows that during the year 1933, in fact, during the entire period of time contemplated by this proceeding, The Mutual Holding Company was formed for the purpose of receiving certain assets of The City Trust & Savings Bank which the Superintendent of Banks of the State of Ohio would not permit the reorganized bank to include among its assets, and this corporation took title to such assets for the purpose of converting them into money for the benefit of the creditors and stockholders of the insolvent bank.

Mr. Hummer, who was in charge of The Mutual Holding Company, testified concerning some eighteen or twenty transactions. Substantially all of the dealings were transactions involving the liquidation of base assets of the insolvent bank. The testimony of Mr. Hummer is to the effect that these were only a part of the transactions. How many more transactions there were, and their nature, is not disclosed by the evidence.

The Court of Common Pleas, upon hearing the evidence, found that The Mutual Holding Company at the time of filing the tax returns referred to in the amended petition, and upon the date as of the return day for taxes, was and is a dealer in intangibles within the statutory definition. The court also found that by the terms of the articles of incorporation the purpose for which said corporation was incorporated was, at least in part, dealing in intangibles. The court further found that in the light of all the evidence, The Mutual Holding Company was a dealer in intangibles under and pursuant to the intangible tax law of Ohio, and enjoined the plaintiffs in error, directing them to accept the returns and payment of taxes thereunder.

As stated before, the record, as well as the finding of the Court of Common Pleas, discloses that during the tax period in question The Mutual Holding Company was engaged in buying and selling intangibles in casual or isolated transactions, but under and in accordance with the purpose for which it was incorporated, as shown by the articles of incorporation, and since no evidence has been offered as to the number or size of transactions necessary to come within the law, we do not believe this court would be justified in reversing the trial court's finding.

The cases cited in the brief of counsel in support of their contention that a corporation doing business not authorized by the charter or articles of incorporation would be subjected to the law applicable to the business they actually engaged in, rather than the business they were author-

ized to do under their articles of incorporation, in no way apply to the facts in this case, since there is no evidence in the bill of exceptions that The Mutual Holding Company was engaged in any business not authorized by the articles of incorporation.

The finding and judgment of the Court of Common Pleas will be affirmed at the costs of plaintiffs in error.

GUERNSEY, J, concurs.