## BOND & MORTGAGE INVESTMENT CO., Appellant v. EVATT, Tax Commissioner, Appellee.

Before the Board of Tax Appeals, Department of Taxation of Ohio

No. 8061   Decided October 28, 1943.

Mr. Seabury H. Ford, Cleveland, for appellant.

Mr. Thomas J. Herbert, attorney general, Columbus, and Mr. Aubrey A. Wendt, assist. atty. general, Columbus, for appellee.

**ENTRY**

This cause and matter came on to be heard by the Board of Tax Appeals as the successor of the Tax Commission of Ohio on an appeal filed by the appellant above named from an order of the tax commission increasing the amount of the assessment on the shares of stock of the appellant as a dealer in intangibles for the tax year 1938; and said cause was heard by the Board upon said appeal, upon the files of the tax commission relating to said assessment, upon the evidence offered and introduced upon the hearing of the case and upon the briefs of counsel.

The Board of Tax Appeals upon consideration of the case as thus submitted finds that on or about March 31, 1938, the appellant, a corporation under the laws of the state of Delaware and doing business in the city of Cleveland, Ohio, filed its tax return as a dealer in intangibles for the tax year 1938 as provided for by §5414-4, GC; and in and by said tax return the appellant, as required by the provisions of this section, set out in detail and under appropriate heads, its resources and liabilities at the close of business on the 31st day of December, 1937. In said report appellant included in its statement of assets or resources real estate, and interest therein, owned by it and having an aggregate book valuation of $188,953.44; however, the appellant in determining the book value of its shares of stock as returned by it in said tax return excluded the value of its real estate and interest therein in the amount above stated and thereby determined the value of its shares of stock for purposes of taxation for said year to be the sum of $35,367.42, and of such stated book value of its shares, the taxable proportion thereof determined by the gross receipts of its office or offices in this state, was the sum of $25,109.86, and the tax thereon at the five mill rate provided for by law was the sum of $125.55.

The Board further finds that on or about September 9, 1938, the tax commission, on audit of appellant's said tax return, included the value of appellant's real estate and interest therein of the amount of $188,953.44, aforesaid, as an item in determining the book value of appellant's shares of stock for said tax year, and in and by the inclusion of such real proper-

ty valuation determined the book value of the shares of stock of the appellant company to be the sum of $214,063.00 and the taxable proportion of the value of such shares of stock determined by appellant's gross receipts in Ohio (§5414-5, GC.) to be the sum of $152,477.00; upon which amount the tax at the five mill rate provided by law was found and determined to be the sum of $762.39 which was an increase of $636.84 over the sum of $125.55 returned by the appellant as the tax on its shares of stock for said year. On September 29, 1938, the appellant filed with the Tax Commission of Ohio an appeal from the assessment made against it as aforesaid on the stated ground, in effect, that said assessment was based principally on real estate owned by the company and that the inclusion of such real estate in determining said tax was double taxation of such real property.

At the hearing of this case, which was long after the time when said appeal was filed, the appellant contended that at the times herein referred to it was not a dealer in intangibles and that if it were such its activities were only casual, and that for these reasons it was not taxable as a dealer in intangibles. And at said time appellant requested leave to amend its appeal in this case so as to set out such additional grounds of error in the assessment complained of. As to this the Board is of the view that inasmuch as appellant voluntarily filed its tax return as a dealer in intangibles, and since it does not appear that the intangible and personal property constituting a part of appellant's assets were otherwise returned by it for taxation for said year, and since further it does not affirmatively appear from the record in this case that appellant was not incorporated for the purpose of doing business as a dealer in intangibles, the contentions made by appellant in this regard are not well taken; and appellant's application to amend its appeal in this case is hereby denied. See **Lewis v Mutual Holding Co., 20 Abs 445.**

Coming on to consider the question presented in appellant's appeal it is noted that §5414-2 GC, provides that all the shares of the stockholders in an incorporated dealer in intangibles having an actual place of business in this state, to the extent represented by capital employed in this state, shall be listed and assessed at the fair value thereof and taxed in the manner prescribed in said section and in other related sections of the General Code. The assessment on the shares of stock of a dealer in intangibles is normally made upon a tax return filed by such dealer. As to this, §5414-4 GC, provided that

each dealer in intangibles should return to the Tax Commission of Ohio between the first and second Mondays of March annually, a report in duplicate under oath, exhibiting in detail, and under appropriate heads his resources and liabilities at the close of business on the 31st day of December, next preceding. By §5414-5, GC, it was provided that upon receiving such report the tax commission should ascertain and assess all the shares of such dealer in intangibles, the capital stock of which is divided into shares, representing capital employed in this state, according to the aggregate fair value of the capital, the surplus and the undivided profits as shown in such report; and that in the case of a dealer having seperate offices within and outside of this state the tax commission should determine the amount of capital employed in this state in the proportion that the gross receipts at the office or offices in this state, as shown by the report, bears to the entire gross receipts of such dealer, as so shown. This section further provided as follows:

"The aggregate book value of the capital, the surplus and the undivided profits of a dealer in intangibles as shown in such report shall be taken to be the fair value thereof for the purpose of the assessment required by this section unless the commission shall find that such book value is greater or less than the then fair value of said capital, surplus and undivided profits. Claim for any deduction from book value of capital, surplus and undivided profits must be made in writing by the dealer in intangibles at the time of making return."

**Section 5414-3, GC,** provides:

"The real estate of a dealer in intangibles shall be taxed in the place where it is located in like manner as the real estate or (of) other persons is taxed; but the tax provided for in this chapter shall be in lieu of all other taxes on the property and assets used in the business of such a dealer."

The tax provided for by the above sections of the General Code is a property tax as distinguished from a franchise tax or other form of excise tax. In this view, and since taxes were otherwise assessed on such real estate as the property of the appellant and in its name, the tax here in question could not, perhaps, be sustained as a tax against the appellant company

to the extent that said tax is based upon the value of this same real estate as a part of the assets and resources of said company.

However, consideration of the provisions of the several sections of the General Code above noted in connection with the more specific provisions of §5673-3 and 5673-4, GC, indicates that this tax is not one on the appellant as a corporation and as a dealer in intangibles, but is a tax upon its shares of stock as the property of the stockholders of the company; which tax the company is required to collect from the several owners of said shares and to pay the same to the treasurer of state, (§5673-3, GC); and as to which tax the company on payment of the same has a lien on said shares of stock and on all funds in its possession belonging to such shareholders, for the payment of such taxes paid by it on account of the several shareholders (§5673-4, GC). In this view of the nature and incidence of the tax provided for by the sections of the General Code here under consideration, we are of the opinion that the tax commission did not err in making the tax assessment herein complained of although such assessment was based in part upon the value of appellant's real estate as a part of the net worth of the company. Although under the provisions of §5414-3, GC, the tax provided for by the sections of the General Code above noted is in lieu of all other taxes on the property and assets used in the business of this company other than real estate, there is nothing in the provisions of this section which makes the tax therein provided for exclusive of taxes on appellant's real property or vice versa. And inasmuch as the shares of stock of the appellant company in the hands of its shareholders is property separate and distinct from the property and assets of the appellant company, the assessment of the tax here in question did not constitute double taxation although the value of its property and assets, including its real estate, was taken into consideration in determining the amount of this tax. See **Bradley v Bauder, 36 Oh St 28, 35;** Klein v Board of Tax Supervisors, 282 U. S. 19; Sturges v Carter, Treas., 114 U. S. 511; People's National Bank v Marye, 107 Fed. 570.

Upon the considerations above noted the Board of Tax Appeals finds that the tax commission did not err in making the tax assessment complained of herein; and said assessment is hereby affirmed.