## KLEIN *v.* BOARD OF TAX SUPERVISORS OF JEFFERSON COUNTY, KENTUCKY.

No. 11. Argued October 29, 30, 1930.—Decided November 24, 1930.

· *Mr. Edmund F. Trabue,* with whom *Messrs. Junius C. Klein, John P. Haswell, Blakey Helm,* and *John S. Milliken* were on the brief, for appellant.

*Mr. M. B. Holifield,* Assistant Attorney General of Kentucky, with whom *Messrs. J. W. Cammack,* Attorney General, and *Samuel B. Kirby, Jr.,* Assistant Attorney General, were on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an appeal from a judgment of the Court of Appeals of Kentucky affirming the validity of a State tax and the constitutionality of the statutes under which the tax was imposed. 230 Ky. 182.

Holders of stock in a corporation generally are required to list their shares for taxation, but it is provided that " the individual stockholders of a corporation, at least seventy-five per cent (75%) of whose total property is taxable in Kentucky, shall not be required to list their shares for taxation so long as the corporation pays taxes on all its property in Kentucky " &c. Kentucky Statutes, § 4088. Ed. Carroll, 1930. Acts 1924, c. 116, § 2, pp. 402, 406. The appellant contends that this section makes the tax contrary to the Fourteenth Amendment. The appellant owned shares in the Standard Sanitary Manufacturing Company, a New Jersey corporation, less than seventy-five per cent of whose total property was taxable in Kentucky. He was taxed as contemplated and he says that the discrimination between himself and holders of stock in a corporation paying taxes on more than seventy-five per cent of all their property is arbitrary and denies to him the equal protection of the laws.

This contention was so thoroughly disposed of by the Court of Appeals that it is not necessary to deal with the

argument for the appellees that if § 4088 is invalid the general tax law stands unaffected and unqualified and the appellant still must pay the tax. It will be enough to present an abridgment of the considerations that prevailed. There is no doubt that a State may tax a corporation and also tax the holders of its stock. *Tennessee* v. *Whitworth,* 117 U. S. 129, 136. The owners are different and, although the appellant calls it a mischievous fiction, the property is different. While no doubt the property and expectations of the corporation are the backbone of the value of the shares, yet the latter may get additional value from another source. In this case the appellant alleges that the price of shares was much enhanced by rumors of a stock dividend, which of course would have added nothing to the property of the corporation. On the other hand there is no constitutional obligation to tax both the corporation and the holders of its stock. See *Kidd* v. *Alabama,* 188 U. S. 730, 732. If the corporation having all its property in the State has paid taxes upon the whole, usually it would be just not to tax the stockholders in respect of values derived from what already has borne its share. And what would be true in the case supposed would be true when the corporation was paying for the great body of its property although some small fraction happened to be outside of the State. Thus we come to the usual question of degree and of drawing a line where no important distinction can be seen between the nearest points on the two sides, but where the distinction between the extremes is plain. *Hudson County Water Co.* v. *McCarter,* 209 U. S. 349, 355. Numerous illustrations are cited by the Court below, e. g., *McLean* v. *Arkansas,* 211 U. S. 539, 551. *Booth* v. *Indiana,* 237 U. S. 391, 397. *Miller* v. *Strahl,* 239 U. S. 426, 434.

We agree with the Court of Appeals that there could have been no question if the statute had said ninety per cent and that fixing seventy-five was equally plainly "a

reasonable effort to do justice to all in view of the way all our other assessments are made."

The appellant, pursuing his notion that shares of stock represent an interest in the property of the corporation, insists that if taxed at all he should be taxed only in the ratio of the property in the State to the entire property of the corporation; that to tax him for the whole value is to tax property outside of the jurisdiction of the State. But it leads nowhere to call a corporation a fiction. If it is a fiction it is a fiction created by law with intent that it should be acted on as if true. The corporation is a person and its ownership is a nonconductor that makes it impossible to attribute an interest in its property to its members. *Donnell v. Herring-Hall-Marvin Safe Co.*, 208 U. S. 267, 273. The stockholders in some circumstances can call on the corporation to account, but that is a very different thing from having an interest in the property by means of which the corporation is enabled to settle the account. The principle of justice that leads to the exemption that has been dealt with could not be insisted upon as a matter of constitutional right and it is reasonable for the legislature to confine it to well marked cases, rather than to press it to a logical extreme. Of course it does not matter here that in an earlier year the exemption was greater than now.

It is alleged as a distinct point of objection, though perhaps less earnestly pressed, that appellant's stock was assessed at its full selling price whereas land was taxed at seventy-five per cent of its sale value. There is nothing in the Fourteenth Amendment that requires land and stock to be taxed at the same rate or by the same tests and the Court of Appeals thinks that the Board of Tax Commissioners "judged that seventy-five per cent of the sale values represented about fairly the cash value of real estate." Whether this be so or not we see no constitutional ground for complaint.

*Judgment affirmed.*