In re ADOLF GOBEL, Inc.

### GENERAL AMERICAN TANK CAR CORPORATION v. ADOLF GOBEL, Inc., et al.

No. 244.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1936.

850

Root, Clark, Buckner & Ballantine, of New York City, and Rosenthal, Hamill & Wormser, of Chicago, Ill. (Arthur A. Bal-lantine, of New York City, Lessing Rosenthal, of Chicago, Ill., and Henry J. Friendly, of New York City, of counsel), for appellant.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Henry A. Ingraham and Franklin P. Ferguson, both of New York City, of counsel), for Adolf Gobel, Inc., and Jacob E. Decker & Sons.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Ralph M. Carson and Warren E. Hoagland, both of New York City, of counsel), for noteholders committee.

Laughlin, Gerard, Bowers & Halpin, of New York City (Spotswood D. Bowers and Francis S. Quinn, both of New York City, of counsel), for Corn Exchange Bank & Trust Co.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The order appealed from restrained appellant from prosecuting an action in the Superior Court, Cook county, Ill., against Jacob E. Decker & Sons, an Iowa corporation, the common stock of which was subsequently all owned by Adolf Gobel, Inc., the debtor in this bankruptcy proceeding under section 77B, as amended, 11 U.S.C.A. § 207. The debtor did not own its preferred stock or outstanding bonds. The order decreed void an attachment issued in the action in Illinois and directed the appellant to vacate the same; it ordered the several judges of that court and its clerks to dissolve the attachment and set aside the summons issued, and restrained and enjoined the appellant from taking any proceedings to enforce its claim against the Decker corporation for breach of contract except in the District Court of the United States for the Eastern District of New York. The debtor was engaged in the meat packing business, and the Decker corporation was engaged in the business of slaughtering, packing, and processing cattle. The Decker corporation stock, so owned by the debtor, was pledged with the Corn Exchange Bank, as security for Gobel's 6½ per cent. collateral notes. The preferred stock of the Decker corporation outstanding amounted to $981,850 par value. The Decker corporation, in business since 1901, was independently managed before and after the debtor's acquisition of the common

stock. It had creditors other than the bondholders. Solvent and doing a profitable business, it was in no way involved in the debtor's proceeding for reorganization.

In 1931 the Decker corporation had sold refrigerator and tank cars to the appellant. As an inducement to this purchase, the Decker corporation as lessee, with appellant as lessor, had made a contract not expiring until 1941 for the lease of some cars. These leases are claimed by the appellant to be worth over a half a million dollars.

September 6, 1935, the debtor filed a petition for an order authorizing it and the Corn Exchange Bank to vote the common stock of the Decker corporation in favor of a sale of substantially all the physical assets and inventories of the Decker corporation to Armour & Co., pursuant to an agreement of sale of August 15, 1935. One provision of the contract of sale was that the Armour Company should not assume the obligation of the Decker corporation's car lease with the appellant. The closing date of this sale was to be October 4, 1935, and, on October 2, 1935, leave was granted to vote the stock in favor of the sale. The order also authorized the Corn Exchange Bank "to receive as depository the net proceeds arising from the sale to Armour and from other assets of Decker (after providing for the indebtedness and liabilities of Decker and for the redemption of the preferred stock of Decker, all in accordance with said contract), said proceeds to be held in a special account and distributed by said Corn Exchange Bank Trust Company only upon order of this court and after one day's notice to all of the attorneys above mentioned who appeared at the hearings held herein on September 24 and 26, 1925." The order further provided that all funds received by the bank, as trustee, in respect of the Decker stock pledged to it, be distributed by it to the holders of the notes outstanding under the indenture, in accordance with the terms thereof, and in accordance with the further orders of the court. October 2, 1935, the Decker corporation notified appellant it would no longer use the cars. October 3, 1935, appellant petitioned the District Court for an order to make effective provision for the establishment by the Decker corporation of a fund sufficient to pay such damages as appellant might establish in an action to be brought by it. The application was denied. October 4, 1935, the appellant's action was started in Cook county, Ill., for $540,000 damages for breach of the car lease incident to the sale of Decker's assets. This action was begun by the issuance of a summons and a writ of attachment which was served upon Armour and others as garnishees. The District Court thereafter granted the order appealed from. It not only restrained and enjoined the appellant from prosecuting the Illinois action, but directed it to vacate the attachment issued in the action, and restrained and enjoined it from taking any proceedings to enforce its claims other than in the court below, and undertook to decree the attachment and the proceedings thereunder to be null and void and to direct the Superior Court of Cook county, Ill., to vacate the attachment and to restrain and enjoin the sheriff of Cook county, Ill., from enforcing it.

■ The appellant's suit against the Decker corporation was in no theory of the law a suit against Gobel, Inc., the debtor. The corporations were entirely separate in organization and corporate structure, each having its own bondholders, stockholders, and directors. Ownership of the common stock, by the debtor, did not make it the owner of the Decker assets. Klein v. Board of Tax Supervisors, 282 U.S. 19, 24, 51 S.Ct. 15, 75 L.Ed. 140, 73 A.L.R. 679; Rhode Island Hospital Trust Co. v. Doughton, 270 U.S. 69, 81, 46 S.Ct. 256, 70 L.Ed. 475, 43 A.L.R. 1374.

■ The contract of purchase by Armour did not involve a sale of the common stock of the Decker corporation, but the assets of that corporation. The Armour Company agreed to purchase the property described in the contract. The purchase price was payable to the Decker corporation, not to the debtor. No covenant of the contract by the Armour Company ran to the benefit of the debtor. The debtor did promise indemnity against undisclosed liabilities of the Decker corporation, and the contract was not to be effective until the majority of the stockholders of the debtor assented to it and until the District Court approved the contract and authorized the debtor or the bank to vote the pledged stock of the Decker corporation in favor of the sale. That the debtor, as a stockholder, might ultimately benefit from the consummation of the sale of the Decker corporation's assets, did not make the contract one for the debtor's benefit such as would permit it to enforce Armour's liability thereunder. Beveridge v. N. Y. Elevated R. R. Co., 112 N.Y. 1, 19 N.E. 489, 2 L.R.A. 648; Sample v. Louisi-

ana Oil Refining Corp., 162 La. 941, 111 So. 336; Amer. Law Institute, Restatement of the Law of Contracts, § 147.

 The court below erroneously considered that it had the power to issue an injunction enjoining prosecution of the Illinois action. It was not authorized by any of the express provisions of the law. Section 265 of the Judicial Code, 28 U.S.C. Title 28, § 379, 28 U.S.C.A. § 379, provides that the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized in relation to proceedings in bankruptcy. Section 11a of the Bankruptcy Act, 11 U.S.C.A. § 29 (a), authorizes a stay of "a suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him." This section had no application to the action brought in Illinois in which the debtor was not a party. Subdivision (c) (10) of section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207 (c) (10), provides that, in addition to the provisions of section 11 for a stay of pending suits against a debtor, the court "may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree."

This section has no application in the instant case, for it is plain that the suit was not against this debtor nor was it a judicial proceeding to enforce any lien upon its estate. The assets of the Decker corporation were involved, not the Decker stock, which was part of the debtor's estate. The appellant made no claim to the Decker stock; there was no attempt to impress a lien upon it. Subdivision (15) of section 2 of the Bankruptcy Act, 11 U.S.C.A. § 11 (15), empowers the court to "make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this Act [title]."

This section does not authorize enjoining a creditor of a solvent and wholly independent subsidiary from prosecuting an action at law in the state court merely because its common stock is held by the debtor in reorganization proceedings. In ordinary proceedings in bankruptcy, subdivision (15) of section 2 confers the power to enjoin the prosecution of an action in a state court only when the action interferes with property which is in the actual or constructive possession of the bankrupt at the date of the filing of the petition. Cf. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S.Ct. 396, 68 L.Ed. 770; In re Worrall, 79 F.(2d) 88 (C.C.A.2); In re Greenlie-Halliday Co., 57 F.(2d) 173 (C. C.A.2). In Re Weston, 68 F.(2d) 913, 98 A.L.R. 319 (C.C.A.2), the bankrupt was the owner of a claim against the state of New York for construction of a public improvement. We held that, since the claim was within the constructive possession of the bankruptcy court when the petition was filed, that court might properly enjoin proceedings in the state court for enforcement of liens upon a claim filed subsequent to bankruptcy. But mere financial interest of a bankrupt estate in the outcome of litigation pending in the state courts does not authorize the issuance of an injunction against such prosecution. In re Worrall, 79 F.(2d) 88 (C.C.A.2); In re Horton, 102 F. 986 (C.C.A.8).

We have held that subdivision (a) of section 77B, 11 U.S.C.A. § 207 (a), providing that the court upon approval of a petition "shall * * * have exclusive jurisdiction of the debtor and its property wherever located," authorized the bankruptcy court in such a proceeding to enjoin, not only actions interfering with the property of the debtor which was within the actual or constructive possession of the debtor on the date of the approval of the petition, but also actions interfering with property of the debtor not in such possession, the continued prosecution of which would prevent or impede reorganization. In re Prudence-Bonds Corp. (C.C.A.) 77 F.(2d) 328. This difference between the power of the court in ordinary bankruptcy proceedings and in proceedings under section 77B does not hinder this appellant, for here the property involved in the Illinois action was not only in no sense in the debtor's possession, but it was not the debtor's property. It was the property of the Decker corporation. As we said in Re Prudence Bonds Corp., 75 F. (2d) 262, 263: "Congress did not intend the bankruptcy court in proceedings under section 77B [11 U.S.C.A. § 207] to take over all litigation between the debtor and third persons." Nothing in section 77B therefore granted to the court the power it exercised in this injunction.

 The argument that section 77B has for its object reorganization, and grants to the

court power to enjoin any action in the state court which renders reorganization more difficult, is also without merit. The power granted to issue such injunctions "as may be necessary for the enforcement of the provisions of this act" is limited to cases in which the property of the bankrupt is directly affected. This limitation consistently imposed by the bankruptcy courts is also applicable to proceedings under section 77B. Though facility in reorganization is desirable, it is not the sole consideration. Cf. In re Lake's Laundry, 79 F.(2d) 326 (C.C.A.2). It is merely a basis for the exercise of jurisdiction in cases where jurisdiction exists. But in no way was the property of the Decker corporation under the administration of the District Court. No insolvency petition had been filed by or against the Decker corporation; no order had been issued enjoining or restraining the creditors of the Decker corporation from taking any course they might deem advisable for the collection of their debts; at no time had the Decker corporation filed a petition in the District Court under the provisions of section 77B. It was solvent and not in a position to do so.

In the proceedings had, in which counsel for the appellant participated in the application to intervene, they in no way submitted appellant to the court's jurisdiction. An oral stipulation made in open court would be valid; usually it is entered on the clerk's minutes and is made without reserve. Here there is printed a colloquy between the court and counsel, but no final stipulation submitted the appellant to the jurisdiction of the court below. Before we will hold that there has been such a submission, it must appear that the appellant has taken a definite legal position by submitting to the jurisdiction. We have heretofore been critical of, and have refused to consider, colloquy of counsel as part of the record, such as is submitted here for our consideration. Stenographic reproduction of all argument in the court as part of the record will not be regarded by us as constituting any part of the record on appeal, which we must consider. The practice that has prevailed of asking us to find admissions made in colloquies of counsel extending over many printed pages may no longer be expected to be fruitful of results. In re National Public Service Corp., 68 F.(2d) 859, 861 (C.C.A.2); In re Syracuse Stutz Co., Inc., 55 F.(2d) 914, 917 (C.C.A.2).

The order appealed from is reversed.