KOHLER v. McCLELLAN et al.

Civil Action No. 753.

District Court, E. D. Louisiana, New Orleans Division.

April 21, 1948.

---

* Italics mine.

Bertrand I. Cahn and Sidney G. Roos, both of New Orleans, La., for plaintiff.

Arthur A. Moreno, of New Orleans, La., for defendants.

BORAH, District Judge.

To make intelligible the questions here presented, a history of this litigation must be given.

On July 2, 1943, Max N. Kohler, a citizen of Mississippi and a director and shareholder of the Crescent City Laundries, Inc., a Maine corporation, hereinafter at times called "Crescent," brought this action for himself and on behalf of others similarly situated against certain officers and directors of Crescent, and other persons and corporations, who are citizens of Louisiana and of other states except Mississippi, for breaches of trust, ultra vires acts, diversion and misappropriation of funds and properties, losses through collusion with third

parties and "through acts of malfeasance, misfeasance and non-feasance." Judgment in favor of plaintiff and others similarly situated and against defendants in the full sum of Four Million One Hundred Seventy-eight Thousand Nine Hundred Fifty-four and 29/100 ($4,178,954.29) Dollars was prayed.

By an amendment dated February 28, 1944, plaintiff additionally charged "that demands were made upon the officers and directors of the Crescent City Laundries, Inc., that suit be instituted and prosecuted to recover the assets of every nature and kind which had been diverted from said corporation by certain of its directors and officers, and by reason of and in consequence of their refusal to do so, this suit * * * is now filed and prosecuted on behalf of the said Crescent City Laundries, Inc., by Max N. Kohler as a minority stockholder of said corporation on behalf of himself and all others similarly situated and all creditors." The relief asked was that Crescent and one other person be made parties defendant and be duly cited and served with copies of the original and amended petitions and that after due proceedings had there be judgment as prayed for in the original petition "in the name of and for the benefit of the Crescent City Laundries, Inc., for the benefit and advantage and interest of the minority stockholders and creditors, including your plaintiff, Max N. Kohler, and others similarly situated."

An examination of the record discloses the fact that an unsuccessful attempt was made to acquire jurisdiction over the corporate person of Crescent by serving its last elected secretary long after the corporation had ceased to do business in Louisiana. It further appears that this question of service on Crescent was never presented to the court for decision and that Crescent has filed no answer or appearance herein.

In due course motions to dismiss were filed asserting various defenses and in the one answer filed on behalf of certain defendants the defenses therein asserted were heard and determined on the day fixed for the hearing on the motions to dismiss. From a judgment dismissing plaintiff's action "as to all of the movants as well as to all of the defendants making answer," the plaintiff appealed to the Fifth Circuit Court of Appeals. That court reversed in part and affirmed in part, and to this decision we refer for a more complete statement of the case. Max N. Kohler v. Byron C. McClellan et al., 5 Cir., 156 F.2d 908, 910.

In considering the correctness of this court's ruling, the Circuit Court said: "The original and supplemental petitions make it plain that on July 9, 1942, 'all of the debtor [']s [Crescent's] choses in action and claims of any and every character against any and all persons whomsoever, whether or not shown upon the books of the debtors, and all of the debtor [']s cash, assets and effects of every name, character and description' were sold at public outcry by the civil sheriff of Orleans Parish, Louisiana, under a writ of fieri facias issued upon a money judgment against Crescent; that an attorney at law in New Orleans bought in the properties at the auction sale and transferred them to N. O. Laundries, Inc., a Louisiana corporation; and that title to all the claims against the defendants except those against B. C. McClellan and associates for their alleged fraudulent and illegal acts in connection with the sale passed to N. O. Laundries, Inc." And in further amplification of its views, it was said: "The allegations dealing with the formation of a plan by McClellan and associates to wreck the corporation and force a public sale of all of its assets so that they could buy the assets at great profit to themselves, and the execution of the plan—the consequential sale of Crescent's assets to their alleged agent and the transfer thereafter, at a large profit, of such assets to a corporation organized by them—set forth a cause of action (claim) which was not sold in the sale of Crescent's assets on July 9, 1942, and with respect to which the prescriptions pleaded are either not applicable or have not run. Who McClellan's associates were in the plan to wreck the corporation and effect a sale of Crescent's assets is not shown, and there is nothing in the complaints to connect the other defendants with the plan or with the execution of the plan. In dismissing the suit the court below acted properly as to all claims and all defendants except as to claims

against the defendant McCellan arising out of the sale."

Then after discussing other matters which are not germane to the present inquiry, the Circuit Court concluded its opinion in this language:

"*The judgment appealed from is affirmed as to all defendants except Bryon C. McClellan, and affirmed as to Bryon C. McClellan (now represented herein by Mrs. Elizabeth McClellan Humphrey, as testamentary executrix of Byron C. McClellan) on all causes of action except the cause of action growing out of the alleged plan to wreck Crescent and the consequential sheriff's sale of Crescent's assets under said plan, * * *.*" (Emphasis supplied.)

The Court of Appeals characterized the suit as a derivative action for the enforcement of a corporate right and such it undoubtedly was. It held in plain and unmistakable language that this court acted properly in dismissing the suit as to all claims and all defendants, except as to the claim against the defendant McClellan arising out of the sale, and while the court did not say so, I take it that the reason why the title to this one remaining claim did not pass to New Orleans Laundries, Inc., was because the claim did not come into existence until the sale was consummated.

Upon remand by the Fifth Circuit Court of Appeals, defendants filed a motion for an order compelling plaintiff to reform his pleadings so as to set out a complaint with reference solely to the cause of action preserved by the Court of Appeals. This motion was heard before judge Adrian J. Caillouet on December 18, 1946, and for written reasons on file was sustained.

On January 8, 1947, plaintiff filed a document containing four numbered paragraphs which was captioned: "The supplemental and amended petition of Max N. Kohler."

Paragraph one alleges that in obedience to the order of court "your petitioner does supplement, amend and reform his original and supplemental petitions as hereinafter set forth; and except as hereinafter reformed and amended, petitioner reiterates and re-avers each and every allegation and paragraph set forth in the original and the supplemental bills of complaint."

Paragraph two amends paragraph one of the original petition to read as follows: "The defendants herein are: Mrs. Elizabeth McClellan Humphrey, individually, and as testamentary executrix of the estate of Byron C. McClellan; the Hibernia National Bank, Executor or Administrator of the estate of Mrs. Pearl Thornton, widow of Byron C. McClellan."

Paragraph three and the first portion of paragraph four simply set forth the facts and reasons why the aforementioned parties are named as defendants, and then follows this prayer: "Wherefore, petitioner prays that the (defendants named in the preceding paragraph) may be duly cited, as the law directs, to appear and answer this supplemental and amended petition, and that, after due proceedings had, there be judgment herein in favor of your petitioner, granting judgment as prayed for in the original and supplemental petitions, and against the defendants as originally prayed for by petitioner in his original and amended, and this amended bill of complaint. And for all general and equitable relief."

On the coming in of this pleading, defendants filed a motion to dismiss the complaint for failure to reform the pleadings in accordance with the direction of the court and in the alternative moved for a bill of particulars. The motion to dismiss and the alternative motion for a bill of particulars were both denied, and plaintiff was ordered to reform his pleadings in accordance with the order of December 18, 1946.

On February 3, 1947, plaintiff filed a second supplemental and amended bill of complaint "in amendment and reformation of the original and the first supplemental and amended bills of complaint." In this pleading plaintiff alleges that he is prosecuting this action "for himself and for all others similarly situated and interested in the subject matter of this suit who may herein become parties complainant hereto and contribute to the expense hereof," and that the defendants herein are the parties named as defendants in the last mentioned pleading. The prayer for relief is as follows:

"Wherefore, *your complainant, individually, and on behalf of other stockholders, similarly situated,* prays that the Defendant

may be duly cited and served in the manner and form provided by law; and

"That after due proceedings had, *there be judgment in favor of complainant and against the defendants herein named, commanding the defendants to pay to complainant, individually, and on behalf of others similarly situated, who may join in this action and become parties complainant hereto, and contribute to the expense hereof* in the full and true sum of $4,266,-396.35 or such additional or lesser amount as the Court may determine to be due * * *." (Emphasis supplied.)

In this as in the prior pleading Crescent is not named as a party defendant and no effort was made to serve either of these pleadings upon it. But apart from the fact that Crescent was intentionally dropped as a party defendant and that plaintiff is now seeking a judgment commanding the defendants named to pay to him individually and on behalf of others similarly situated the identical sum set forth and itemized in the original complaint, the second supplemental and amended petition does not differ in any material respect from the original complaint as amended. When compared paragraph by paragraph it will be found that most of the paragraphs are identical, others differ only in phraseology; some few have been dropped and others have been added to implement and supplement the allegations previously made.

Upon the filing of this last pleading, the defendants filed a motion to dismiss for failure to reform the pleadings and in addition moved to strike numerous paragraphs in the so-called reformed pleading. The motion to dismiss was withdrawn, the motion to strike was overruled, the defendant answered and in due course the case was set for trial.

After the trial had been in progress for several days and after the court had expressed its views with respect to the nature of the cause of action preserved by the Fifth Circuit Court of Appeals, plaintiff's counsel was asked to explain the legal theory on which he was proceeding and of the authorities he had in support thereof. Counsel to whom the question was directed stated that he was prepared to answer the court's inquiry but

requested time to consult with his associate. This request was granted and on the following morning the court was advised that plaintiff was proceeding in strict conformity with the decision of the Fifth Circuit Court of Appeals, and certain authorities bearing on the law of civil conspiracy were cited. Counsel further stated in substance that he construed the opinion of the Court of Appeals to mean that the cause of action therein expressly preserved was a shareholders' direct and individual cause of action and not a shareholders' derivative action. But the underlying reasons in support of this view were not divulged until the case was finally argued on the merits. Counsel then stated that while he initially was inclined to believe that plaintiff was entitled to prosecute a derivative action for the benefit of the corporation, he was of the opinion that the Court of Appeals had held to the contrary. That in using the language "In dismissing the suit the court below acted properly as to all claims and all defendants except as to claims against the defendant McClellan arising out of the sale," the court had effectively eliminated Crescent as a defendant and sanctioned plaintiff's right to prosecute this individual action against Mc-Clellan. There is of course a ready answer to this argument and that is that the language of the Court of Appeals must be construed in the light of the judgment appealed from. That judgment reads: "It is ordered that plaintiff's action be, and it is hereby dismissed at plaintiff's costs, as to all of the movants as well as to all defendants making answer." As Crescent was not one of the movants and did not file an answer, it follows that the Court of Appeals did not adjudicate upon its rights.

While we do not for one moment believe that plaintiff has correctly construed the opinion of the Court of Appeals, the fact remains that plaintiff has reformed his pleadings with the avowed intention of changing the character of the action from a derivative one to an individual one. The change is not merely one of form; the fundamental substance of the claim is different. The court is of the opinion that this so-called "second supplemental and

amended bill of complaint" states a new cause of action so as to amount to a departure in pleading[1] and that any objection on the part of the defendants has been waived. 41 Am.Jur. Verbo Pleading § 392, p. 563.

The only injury set forth in the body of the complaint is an injury to the corporation. No facts are stated which show an injury to the plaintiff distinct from that of the corporation. All the wrongs done or intended are wrongs against the corporation of which the plaintiff is a stockholder, and except through the corporation they have no relation to the plaintiff. He was not affected by the defendant's conduct, except as every other stockholder was affected. Against him as an individual there was no conspiracy, and against him as an individual no wrong was done directly. There is no direct legal privity between him individually, or as a stockholder, and these defendants.

The gravamen of the complaint is that the corporation had large assets such as those enumerated in the complaint and that by a wrongful conspiracy and plan these claims were sold by the sheriff to the consequent destruction of the rights of the corporation to assert them. Yet according to his theory, the plaintiff sues not on behalf of the corporation, but in an individual capacity. If the plaintiff's allegations were true, undoubtedly he would sustain damage, but no more so than any other stockholder in proportion to his interest in the company. If plaintiff can maintain this action for the loss of the value of his stock, as has been suggested, then any other stockholder can do so. A stockholder of a corporation has no personal right of action against directors or officers who have defrauded and mismanaged it and thus affect the value of his stock. The wrong is against the corporation and the cause of action belongs to it. A stockholder cannot sue as an individual to recover damages for a conspiracy among the officers to wreck the corporation. Niles v. New York Central & N. H. RR.

Co., 176 N.Y. 119, 68 N.E. 142, 143. The property of the corporation is not the property of the individual stockholders. In the case of Klein v. Board of Tax Supervisors, 282 U.S. 19, 24, 51 S.Ct. 15, 16, 75 L.Ed. 140, 73 A.L.R. 679, Justice Holmes said: " * * * But it leads nowhere to call a corporation a fiction. If it is a fiction it is a fiction created by law with intent that it should be acted on as if true. The corporation is a person and its ownership is a nonconductor that makes it impossible to attribute an interest in its property to its members. * * *" Consequently the distinction between the property, including causes of action, which the shareholders own in their individual personalities and that which they own in their corporate personalities must be solemnly observed for the protection of the corporate creditors.

There is of course a vast difference between the right of a shareholder to sue for the redress of an injury to the corporation and the right to sue for redress of an injury done to the shareholder individually.[2] The plaintiff's difficulty is that he apparently overlooks the real nature of a stockholder's suit. The true theory of such a suit is well stated by Pomeroy in his work on Equity Jurisprudence, 4th Ed., Section 1095. He says:

" * * * The stockholder does not bring such a suit because *his* rights have been *directly* violated, or because the cause of action is *his,* or because *he* is entitled to the relief sought; he is permitted to sue in this manner *simply in order to set in motion the judicial machinery of the court.* The stockholder, either individually or as the representative of the class, may commence the suit, and may prosecute it to judgment; but in every other respect the action is the ordinary one brought by the corporation, it is maintained directly for the benefit of the corporation, and the final relief, when obtained, belongs to the corporation, and not to the stockholder-plaintiff. The corporation is, therefore, an indispensably *necessary* party, not sim-

---

[1] Shields et al. v. Barrow, 17 How. 129, 143, 15 L.Ed. 158; Union Pacific Ry. v. Wyler, 158 U.S. 285, 15 S.Ct. 877, 39 L.Ed. 983.

[2] Fletcher Cyclopedia Corporations, Vol. 13, Sec. 5907 et seq.; Stevens on Corporations, Hornbook Series, Chap. 18, Sec. 162 et seq.

ply on the general principles of equity pleading in order that it may be bound by the decree, but in order that the relief, when granted, may be awarded to it, as a party to the record, by the decree. This view completely answers the objections which are sometimes raised in suits of this class, that the plaintiff has no interest in the subject-matter of the controversy nor in the relief. In fact, the plaintiff has no such *direct* interest; the defendant corporation alone has any direct interest; the plaintiff is permitted, notwithstanding his want of interest, to maintain the action solely to prevent an otherwise complete failure of justice. * * *"

The wrongs of which Kohler complains are wrongs to the corporation. They were not aimed at him and did not involve his personal, individual rights. The acts complained of are not of such a nature they directly and primarily affect his interest in his shares of stock, nor does he claim to have sustained any loss in addition to the loss sustained by the corporation. Therefore, under his theory, plaintiff does not show a right or cause of action; for he sues to recover for himself that which does not belong to him, but which belongs to Crescent. Orlando v. Nix, 171 La. 176, 129 So. 810.

■ Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requiring the prosecution of an action "in the name of the real party in interest" applies to "every action." Rule 23(b), F.R.C.P. is Equity Rule 27, 28 U.S. C.A. § 723, Appendix, with verbal changes which do not affect its meaning. Equity Rule 27 defines a "stockholders' suit" as one "brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may properly be asserted by the corporation." In legal effect the suit is one by corporation conducted by the stockholder as its representative. The stockholder is only a nominal plaintiff, the corporation being the real party in interest. The suit is a derivative one, and is to be distinguished from a representative action brought by a stockholder individually for his own benefit and on behalf of himself and other stockholders similarly situated.

But where as here plaintiff does not seek to enforce relief for the benefit of the corporation, it is not derivative and not a stockholders' suit.

■ If it could be said that the reformed pleadings have not changed the character of the action, no one can gainsay the fact that Crescent, the party who is entitled to the relief, if any, was deliberately dropped as a party defendant. In commenting on such a situation it was rightly said in 18 C.J.S., Corporations, § 570, page 1293: "The corporation is a proper and indispensable party to a suit brought by one or more stockholders for its benefit. A failure to make it a party is not a mere defect of parties; it leaves the stockholder without a cause of action and the court without jurisdiction. In such case the suit should be dismissed".

It is plaintiff's theory that he is entitled to prosecute this action individually and he also maintains that the pleadings and evidence are sufficient to support a derivative action. Defendants' counter-contention is that the Circuit Court of Appeals has fixed inflexibly the character of the suit as a derivative action and that nothing in the power of plaintiff can change it into a suit for damages for the alleged loss of his stock. Let us now consider what may be termed plaintiff's alternative contention.

■ If this is a derivative cause of action, the plaintiff must allege and prove a demand upon the corporation or the futility of making such a demand. "He should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court." Hawes v. Oakland, 104 U.S. 450, 460, 26 L.Ed. 827. Plaintiff alleges that he made demands upon the officers, directors and attorneys of Crescent that suit be instituted and prosecuted to recover all assets of any and every nature and kind which had been diverted from the corporation, but he does not allege that he made any specific de-

mands with respect to the claim in suit, and there is no evidence in this record to show that he did. The original complaint, as amended, asked the court to appoint a receiver to accomplish four objects, one of which was to investigate and inquire into all proceedings in connection with the sale of all the assets of the corporation in order to determine whether or not there was collusion or breach of trust by officers and directors of Crescent to the end that proper and necessary proceedings may be taken to make recovery. It therefore appears from the pleadings as it does from the evidence that Kohler did not and could not in point of time have requested the officers and directors of Crescent to take any action with respect to the claims in suit for the simple reason that the misinformation he had was subsequently acquired. This being the situation it follows that plaintiff's right to maintain this suit has not been established and for that reason, if for no other, the within action, if derivative, should be dismissed.

■ As the present case stood at the time it was before the Fifth Circuit Court of Appeals, Crescent, a Maine corporation, was named a party defendant. The court found the jurisdictional fact that the citizenship of plaintiff was diverse from that of all the defendants. Therefore, it is apparent not only from the holding of the court but from the pleadings and evidence as well that the presence of Crescent would not oust the jurisdiction of the court. If it can therefore be said in the present state of the pleadings that this is a derivative action and that a substantial claim is stated, this suit must be dismissed because Crescent, an indispensable party,[3] is not before the court, actually or constructively. It is true that the question of indispensable parties is jurisdictional in diversity cases. However, we need not base our decision on lack of jurisdiction but may put it on a much broader ground. As was said in Mallow v. Hinde, 12 Wheat. 193, 198, 6 L.Ed.

599: "We do not put this case upon the ground of jurisdiction but upon a much broader ground, which must equally apply to all courts of equity, whatever may be their structure as to jurisdiction. We put it on the ground that no court can adjudicate directly upon a person's rights without the party being either actually or constructively before the court."

■ Coming now to the merits and confining our discussion to the one claim in suit, we experience no difficulty in reaching the conclusion that the alleged wrongful conduct on the part of B. C. McClellan has not been established. The extravagant charge that McClellan and his associates formulated in 1924 a plan to wreck the corporation and force a public sale of all of its assets so that they could buy the assets at great profit to themselves, and the execution of the plan—the consequential sale of Crescent's assets on July 9, 1942, to their alleged agent and the transfer thereafter, at a large profit, of such assets to a corporation organized by them—is not supported by any creditable evidence. Indeed the evidence most of which has come from the lips of plaintiff's own witnesses completely refutes the charge in all of its particulars. We are content to close the discussion with this statement and will make appropriate findings and place same of record concurrently with the filing of this opinion.

We conclude that the reformed pleadings state a new cause of action and constitute a departure from the former pleadings. But if we have unwittingly subordinated substance to form of procedure, we are still of opinion that the complaint fails to state a claim upon which relief can be granted. But apart from this question of procedure we conclude that the evidence does not sustain any right to a judgment because of the wrongful conduct of B. C. McClellan, either in favor of Crescent City Laundries, Inc., or in favor of Max N. Kohler. This action must be dismissed, and the Clerk is directed to enter judgment accordingly.

---

[3] As was said in Greenberg v. Giannini, et al., 2 Cir., 140 F.2d 550, 554: " * * * it has been settled law for over a century (Cunningham v. Pell, 5 Paige, N.Y., 607) that the wronged corporation is an indispensable party to a shareholders' action. City of Davenport v. Dows, 18 Wall. 626, 21 L.Ed. 938; Baltimore & Ohio R. Co. v. City of Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834; Philipbar v. Derby, supra, [2 Cir.,] 85 F.2d 27. Cf. Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145."