Anna Ervina WEST

v.

**UNITED STATES.**

**Civ. A. No. 22506.**

United States District Court
E. D. Pennsylvania.
June 18, 1958.

Converse Murdoch, of Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for plaintiff.

Harold K. Wood, U. S. Atty., Philadelphia, Pa., Joseph J. Zapitz, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

GRIM, District Judge.

This is an action for refund of 1955 income taxes based on a claim for a casualty loss deduction under Section 165 (a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 165(a) which provides:

"There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise."

Section 165(c) provides:

"In the case of an individual, the deduction under subsection (a) shall be limited to—

\* \* \* \* \* \*

"(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft."

Plaintiff is a member of an incorporated [1] social club, Pocono Lake Preserve, which owns some 4,000 acres of land in the Pocono Mountains in northeastern Pennsylvania. There is on this land an artificial lake 1,000 acres in area, created by the building of a dam.

On August 18, 1955, the dam and lake were destroyed by a hurricane, popularly named "Diane." In a subsequent year the club rebuilt the dam and restored the lake with funds obtained from an assessment of $4,500 levied on each member.

■■ Members or stockholders of a corporation are not the owners of the corporation's property, Klein v. Board of Tax Supervisors, 1930, 282 U.S. 19, 51 S.Ct. 15, 75 L.Ed. 140; Green v. Philadelphia Inquirer Co., 1938, 329 Pa. 169, 196 A. 32. Damage to the corporation's property, therefore, while it may in some degree affect the member or stockholder, is not damage to his property and he is not entitled to a casualty loss deduction for that damage. The club, owning the dam and lake, was entitled to a casualty loss deduction. Being exempt from income taxes,[2] it derived no specific benefit from the deduction. It does not follow, however, that since the corporation, by virtue of its tax-exempt status, could derive no particular tax benefit from the deduction, the benefit should be passed on to someone who can.

---

1. Incorporated in Pennsylvania.

2. Under section 101(8) of the Internal Revenue Code of 1939, 26 U.S.C.A. (I. R.C.1939) § 101(8).

Like all other club members, plaintiff leased a lot from the corporation for a 99-year term, indefinitely renewable. On these lots the members including plaintiff built their own cottages. The leases gave plaintiff and other members no right to use anything except the lot described in the lease, but membership in the corporation gave the members the right to use the facilities of the corporation, including the lake, the lake shore, a dining hall and other buildings. The lots could be leased only to members of the corporation and only lessees of lots could be members.

Plaintiff concedes that since the corporation and not she was the owner of the dam and lake, she is not entitled to a deduction for her share of the storm damage thereto. Her contention is that since the cottages derived much of their desirability and value from their closeness to the lake, the destruction of the lake decreased the value of her cottage [3] and that she is entitled to a deduction for that loss in value.

Plaintiff clearly has a property interest in her leasehold and in the cottage built on it. She has no property interest, however, in the dam or lake. Her right to use corporate property comes solely and entirely from her membership. This right is conferred by the corporate charter and by-laws. Her claim to a casualty loss deduction would have more force if her rights in the lake were granted by the lease. In that case her property interest in the leasehold might well be considered to extend to an easement in the lake.

For tax deduction purposes plaintiff's situation is the same as though one of the corporation's buildings used by the members had been destroyed by fire. The situation is analogous to that of a person who owns a home overlooking a golf course belonging to a country club, the home deriving value from the fact of its close proximity to this beautiful expanse of grass and trees. If the golf course were ruined by storm or other casualty the home's value would drop, but the homeowner would not be entitled thereby to take a casualty loss deduction, because the casualty did physical damage not to the property of the homeowner but to that of the country club. " * * * The statute only allows deductions for losses of property belonging to the taxpayer * * *," Stoll v. Commissioner, 5 CCH Tax Ct.Mem. 731 (1946). The result would in no wise be changed by the addition of the fact that the homeowner was a member of the club and entitled thereby to the use of its facilities.

Both parties having moved for summary judgment, and the facts having been stipulated for this purpose, plaintiff's motion will be denied and defendant's motion will be granted. Summary judgment will be entered in favor of the defendant.

---

3, There was no physical damage to the lot or the cottage.