Earl S. Orr and Winifred B. Orr v. Commissioner.
Orr v. Commissioner
Docket No. 71461.
United States Tax Court
T.C. Memo 1960-147; 1960 Tax Ct. Memo LEXIS 140; 19 T.C.M. (CCH) 789; T.C.M. (RIA) 60147; July 11, 1960
*140 Alphonsus R. Romeika, Esq., 215 S. Broad St., Philadelphia, Pa., for the petitioners. Paul D. Ritter, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax for the year 1955 in the amount of $1,275.86. The only adjustment presently in issue is the Commissioner's disallowance of a $4,500 deduction in respect of an alleged casualty loss. Findings of Fact A stipulation of facts filed by the parties is incorporated herein by reference. Petitioners, husband and wife, residing in Bellefonte, Pennsylvania, filed their joint income tax return for 1955 with the district director of internal revenue at Scranton, Pennsylvania. Winifred B. Orr will hereinafter be referred to as petitioner. The Pocono Lake Preserve is a non-profit membership corporation organized under Pennsylvania law. During 1955 it owned 4,000 acres of land in Pennsylvania. On the land there was a dam which formed an artificial lake over four miles in length of irregular shape. Surrounding the lake was a common park area containing roads, a dining hall, library and other facilities. The corporation owned the dam. The land *141 owned by the corporation was leased in small tracts for home sites. In 1913 petitioner's mother became the lessee of lot #101 of the Pocono Lake Preserve, and built a cottage thereon. In 1933, upon her mother's death, petitioner and her sister became owners of the lease of the lot and the improvements thereon. In 1934 the sister transferred her interest to petitioner. Petitioner became a member of the corporation in 1933. During the summer of 1955 there were 130 leaseholders of lots in the Pocono Lake Preserve. There were 70 private docks on the lake. By virtue of her membership in the corporation and ownership of a leasehold interest, petitioner was entitled to use the common facilities of the corporation during 1955. On August 18, 1955, the dam was breached by a hurricane, and the water level of the lake was substantially lowered. During 1955 there was no physical damage to the property leased by petitioner or to the cottage on the leased property. On December 12, 1955, the members of the corporation approved the levy of an assessment of $4,500 on each member of the corporation, the proceeds to be used to reconstruct the dam and facilities incident thereto. Petitioner paid *142 her assessment in 1956. The funds received by the corporation by means of the assessments were used to build a new dam, which was completed in 1957. Use of the lake was restored in time for the 1957 summer season. Petitioners have not been compensated by insurance or otherwise for the alleged loss. Petitioner had been renting her property covered by the leasehold each year during the summer months since 1934. She was unable to rent the property in 1956. It was rented again in 1957 and 1958. Petitioners used the cottage themselves in June and September over the years. To be a member of the Pocono Lake Preserve, it was necessary to be a leaseholder of one of the lots in the lake preserve area. Members of the corporation were entitled to use the facilities of the preserve, but the right to use such facilities was derived from membership in the corporation and not from their leasehold interest. Opinion RAUM, Judge: This case must be decided against petitioners. The casualty loss in question was a loss to the corporation and not to its members. The identical issue was adjudicated against petitioners' position in West v. United States, 163 F. Supp. 739 (E.D. Pa.), involving *143 the claim for a like deduction by another member of the Pocono Lake Preserve in respect of destruction of the same dam by the same hurricane, and the Court of Appeals affirmed, 259 F. 2d 704 (C.A. 3). We do not agree with the petitioner that there are any significant differences between the record in that case and the present case. The opinions in the West case addressed themselves to the very issue that petitioner presents here and appeared to take into account the same considerations that are pressed upon us in the instant case. We think that the same result is called for here. Decision will be entered for the respondent.