ADVANCE PUBLICATIONS, INC. v. THE CITY OF ELIZABETH CITY AND TOMMY M. COMBS, CITY MANAGER

No. 801SC1209

(Filed 18 August 1981)

**Municipal Corporations § 45— letter received by city—public record**

A letter received by the manager of defendant-city from a consulting engineer whom defendant-city employed to inspect construction work on additions and modifications to its water treatment plant is a public record subject to disclosure pursuant to G.S. 132-1.

APPEAL by defendants from *Reid, Judge.* Judgment entered 11 December 1980 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 3 April 1981.

Defendant Combs, as manager of defendant-city, received a letter from a consulting engineer whom defendant-city employed to inspect construction work on additions and modifications to its water treatment plant. Plaintiff, a publisher of news events in defendant-city, was denied the right to inspect and copy the letter. By this action plaintiff seeks to compel disclosure.

The trial court granted summary judgment for plaintiff, ordering that defendants immediately disclose the letter. Defendants appeal.

*Leroy, Wells, Shaw, Hornthal, & Riley, by Dewey W. Wells, for plaintiff appellee.*

*Wilson & Ellis, by M. H. Hood Ellis, for defendant appellants.*

WHICHARD, Judge.

The issue is whether the letter is a public record subject to disclosure to this plaintiff. We hold that it is.

The letter is a public record. G.S. 132-1 provides the following definition:

"Public record" or "public records" shall mean all . . . *letters* . . . made or received pursuant to law or ordinance in connection with the transaction of public business by any agency of North Carolina government or its subdivisions [which] shall mean and include every public office, public officer or official (State or *local,* elected or appointed) . . . .

(Emphasis supplied.) Defendant-city admits it is a subdivision of the State. As such, it is authorized to construct, establish, enlarge, improve, and maintain, as a public enterprise, a water supply and distribution system. G.S. 160A-311, 160A-312. The letter related to construction work on additions and modifications to its water treatment plant. Clearly, then, the letter was received pursuant to law in connection with the transaction of public business by a subdivision of the State. Hence, it falls within the statutory definition of a public record.

Plaintiff is entitled to disclosure and copying rights. G.S. 132-6 provides:

> Every person having custody of public records shall permit them to be inspected and examined at reasonable times and under his supervision *by any person,* and he shall furnish certified copies thereof on payment of fees as prescribed by law.

(Emphasis supplied.) Further, G.S. 132-9 provides:

> *Any person* who is denied access to public records for purposes of inspection, examination or copying may apply to the appropriate division of the General Court of Justice for an order compelling disclosure, and the court shall have jurisdiction to issue such orders.

(Emphasis supplied.) Plaintiff does not fall without the scope of the phrase "any person" by being a corporation. Corporations are generally considered "persons" in contemplation of law. The United States Supreme Court has stated: "[I]t leads nowhere to call a corporation a fiction. If it is a fiction, it is a fiction created by law with intent that it should be acted on as if true. *The corporation is a person . . . ." Klein v. Board of Tax Supervisors,* 282 U.S. 19, 24, 75 L.Ed. 140, 143, 51 S.Ct. 15, 16 (1930) (emphasis supplied). A leading treatise states:

> It is said that a private corporation may be defined as an association of persons to whom the sovereign has offered a franchise to become an artificial, juridical *person . . . .*
>
> Other judicial definitions of a corporation [include]: . . . an artificial being created by law, and composed of individuals who subsist as a body politic under a special

denomination, with the capacity of perpetual succession, and of acting, within the scope of its charter, as a natural *person* . . . .

18 Am. Jur. 2d, *Corporations,* § 1 at 548-549 (1965) (emphasis supplied). We do not believe the General Assembly intended to exclude corporate entities from the scope of the phrase "any person" in G.S. 132-6 or G.S. 132-9. Nor do we believe it would be sound public policy to do so, especially when the function of the corporate entity seeking access to public records is that of informing the public. "[W]here records deal with how the government is operated, a desire to publish the information in a newspaper to inform the public is a legitimate purpose for seeking to inspect them." 66 Am. Jur. 2d, *Records and Recording Laws,* § 16 at 352-353 (1973).

Public policy considerations do not dictate, as defendants contend they do, that this court create an exemption to mandatory disclosure of communications such as this letter. With the sole exception of confidential communications by legal counsel to governmental bodies,[1] the General Assembly engrafted no exemptions on the provisions mandating disclosure of public records.[2] We thus presume it intended only the exemption set forth.

> The terms of the statute being clear, no construction of its provisions by this Court is required. [Citations omitted.] In such event, it is our duty to apply the statute so as to carry out the intent of the Legislature, irrespective of any opinion we may have . . ., unless the statute exceeds the power of the Legislature under the Constitution.

*Peele v. Finch,* 284 N.C. 375, 382, 200 S.E. 2d 635, 640 (1973).

Further, "[g]ood public policy is said to require liberality in the right to examine public records." 66 Am. Jur. 2d, *Records and Recording Laws,* § 12 at 349 (1973). "While some degree of confidentiality is necessary for government to operate effectively, the general rule in the American political system must be that the affairs of government be subject to public scrutiny." Com-

---

1. *See* G.S. 132-1.1.

2. *See* G.S. 132-1 *et seq.*

ment, 55 N.C.L. Rev. 1187, 1188 (1977). Thus, even absent legislative intent expressed as clearly as here, we would be reluctant to engraft the exemption requested, without more compelling policy considerations than defendants have presented.

Defendants contend the purpose of G.S. 132-1 *et seq.* is to provide for preservation of public records, not for disclosure. A presumed legislative intent to mandate the extensive preservation of public records prescribed by these statutes, with storage at public expense, but to which the public is denied access, is untenable. Preservation for its own sake, absent access, would be an absurdity; and "[i]t is fully established that 'the language of a statute will be interpreted so as to avoid an absurd consequence.' " *Taylor v. Crisp,* 286 N.C. 488, 496, 212 S.E. 2d 381, 386 (1975).

The trial court correctly concluded that the statutes render the letter a public record subject to disclosure to this plaintiff.

Affirmed.

Judges MARTIN (Robert M.) and BECTON concur.