In the Matters of SLENDERELLA SYS-
TEMS OF BERKELEY, INC., 94111,
Slenderella Systems of Beverly Hills,
Inc., 94122, Slenderella Systems of Cali-
fornia, Inc., 94094, Slenderella Systems
of Huntington Park, Inc., 94098, Slen-
derella Systems of Lakewood, Inc.,
94129, Slenderella Systems of Palo Alto,
Inc., 94095, Slenderella Systems of San
Francisco, Inc., 94096, Slenderella Sys-
tems of Stonestown, Inc., 94089, Slen-
derella Systems of Union Square, Inc.,
94088, Slenderella Systems of Valley
Plaza, Inc., 94131, Slenderella Systems
of Westchester, Inc., 94126, Debtors.

United States District Court
S. D. New York.

Feb. 29, 1960.

Cleary, Gottlieb, Steen & Hamilton,
New York City, William L. Lynch, New
York City, of counsel, for Pacific Tele-
phone & Telegraph Co., petitioner.

Krause, Hirsch, Gross & Heilpern,
New York City, for named debtors-in-
possession.

BICKS, District Judge.

Each of the eleven corporate
debtors named in the title, supra, organ-
ized under the laws of California and en-
gaged in business in that State, filed peti-
tions in this District for arrangement
under Chapter XI of the Bankruptcy Act,
11 U.S.C.A. §§ 701–799. The Pacific Tel-
ephone and Telegraph Company (herein-
after the "Telephone Company"), is a
public utility company organized under
the laws of the State of California. It
conducts its business in the State of Cali-
fornia and, as required by local law, car-
ries on its business in consonance with
the tariffs, rules and regulations on file
with the State Public Utilities Commis-
sion. Prior to the filing of the petitions
for arrangement, each of the petitioners
had contracted for business telephone
service. The aforementioned tariffs,
rules and regulations were terms of said
several contracts. Hischemoeller v. Na-
tional Ice & Cold Storage Co., 1956, 46
Cal.2d 318, 294 P.2d 433. At the time
of the filing of the petitions for arrange-
ment there were outstanding unpaid
charges for services and facilities fur-
nished under each of the contracts.

The petitioners were continued as
debtors-in-possession. There was of-
fered to each of them the choice of one
of the three alternatives authorized by
the tariffs:

(1) Discontinuance of all telephone
service;

(2) Discontinuance of existing tele-
phone service under the old assigned tele-
phone numbers and, on proper applica-
tion, assignment of new telephone num-
bers to be debtors-in-possession as new
subscribers;

(3) Supersedure of existing service
under the same telephone numbers under
arrangements acceptable to the Tele-

phone Company for payment of the outstanding charges.

Four of the debtors-in-possession chose the first alternative. The others elected to avail themselves of the second alternative. New telephone numbers were assigned to them and regular business telephone service was made available. They thereafter applied to the Referee in Bankruptcy for an order either restraining the Telephone Company from changing the telephone numbers at the places of business operated by the debtors-in-possession, or in the alternative, directing the Telephone Company to furnish the new numbers to persons calling the old numbers, a service characterized as "referral service". The numbers assigned to the Debtors having been already changed, the Referee granted the alternative relief .

The principal issue posed by the petition to review *sub judice* goes to jurisdiction which in turn depends, at least insofar as summary jurisdiction is concerned, on whether the debtors had a property right in the old telephone numbers. The Referee held that the debtors had such a property right within the meaning and intent of sections 23 and 311 of the Bankruptcy Act, 11 U.S.C.A. §§ 46, 711, and that such right vested the Bankruptcy Court with summary jurisdiction.

The express provisions of the tariffs clearly foreclose the finding of a property right in the telephone numbers. In unambiguous language they provide in part that:

> "The assignment of a number to a subscriber's telephone service will be made at the discretion of the Company. The subscriber has no proprietary right in the number * * *".

The understandable purpose of the Referee to facilitate reorganization of the debtors does not warrant modification of tariffs promulgated with the authority of the appropriate administrative agency nor construing them contrary to their clear meaning; neither can such a de-

sire support summary jurisdiction otherwise absent. In re Adolf Gobel, Inc., 2 Cir., 80 F.2d 849, 853.

In view of the finding of lack of summary jurisdiction, it is not necessary to consider the contention of the Telephone Company, that in no event could it be required in this proceeding to make available to the debtors a service not provided for in any of its tariffs.

The petition to review is sustained. So ordered.