In the Matter of **TONKAWA REFINING COMPANY**, a corporation, debtor.

Robert J. **STANTON**, Trustee, Appellant,

v.

William **SUTTON**, Trustee, Appellee. National Labor Relations Board, Amicus Curiae.

Houston National Bank, Amicus Curiae.

No. 74–1027.

United States Court of Appeals, Tenth Circuit.

Argued Aug. 20, 1974.

Decided Sept. 23, 1974.

———◆———

James O. Ellison, Tulsa, Okl., for appellant.

Loyd Benefield, Oklahoma City, Okl. (John A. Johnson, Oklahoma City, Okl., on the brief), for appellee.

Peter Carre, Washington, D. C. (Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Abigail Cooley, Asst. Gen. Counsel, Sp. Litigation, Washington, D. C., on the brief), for amicus curiae National Labor Relations Board; (Charles C. Green, Kerr, Davis, Irvine, Burbage & Green, Inc., Oklahoma City, Okl., on the brief for Houston National Bank).

Before HILL and DOYLE, Circuit Judges, and SMITH,[*] District Judge.

HILL, Circuit Judge.

This appeal involves the authority and propriety of retaining a subsidiary corporation's Chapter X reorganization petition in the United States District Court for the Western District of Oklahoma, instead of transferring it to the Northern District of Oklahoma where the parent corporation is undergoing reorganization.

Appellant Robert Stanton is the successor trustee in reorganization for Tulsa Crude Oil Purchasing Corporation (Tulsa Crude). Tulsa Crude operates out of Tulsa, Oklahoma, in the state's Northern District. Together with six wholly owned subsidiaries,[1] it is engaged in the business of buying, selling, transporting and refining crude oil.

Appellee William Sutton is the trustee in reorganization for Tonkawa Refining Company (Tonkawa), one of Tulsa Crude's subsidiaries. Tonkawa's business, which is conducted independently of and autonomously from its parent, involves the operation of a refinery located in Arnett, Oklahoma, in the state's Western District. It produces and sells jet fuel, its principal customers being Air Force installations in the Western District.

On February 9, 1972, an involuntary petition in bankruptcy was filed against Tulsa Crude in the Northern District of Oklahoma. The petition made no mention of Tonkawa, either directly or indirectly. The following day an involuntary petition in bankruptcy was filed against Tulsa Crude and all of its subsidiaries, including Tonkawa, in the Western District of Oklahoma. Thereafter, on February 16, 1972, an involuntary Chapter X reorganization petition was filed against Tonkawa in the Western District.

On March 6, 1972, a voluntary Chapter X reorganization petition was filed by Tulsa Crude in the Northern District, in its straight bankruptcy proceeding. This petition did not mention Tonkawa. On September 20, 1972, the proceedings against Tulsa Crude and all of its subsidiaries, except Tonkawa, were consolidated in the Northern District.

Tulsa Crude's prior co-trustees then applied to the Western District for an order transferring the proceedings against Tonkawa to the Northern District. A special master was appointed and an evidentiary hearing was conducted. The special master's subsequent report recommended denial of the application to transfer. The report was confirmed by the district court on Novem-

---

[*] Honorable Talbot Smith, Eastern District of Michigan, sitting by designation.

1. Tulsa Crude's subsidiaries are: Central Plains Transport Company; Hoeing Transportation, Inc.; Miller Trucking Service, Inc; Plains Industrial Corporation; Admiral Crude Oil Corporation; and Tonkawa Refining Company. Tulsa Crude obtained Tonkawa Refining Company in August, 1971, by purchasing all of its capital stock.

ber 28, 1971, and this appeal is taken therefrom.

■ Appellant's first argument is jurisdictional. Relying on § 111 of the Bankruptcy Act, 11 U.S.C. § 511,[2] he contends the Northern District is the appropriate forum to adjudicate the Tonkawa proceedings because the reorganization court which first acquires jurisdiction over the parent thereby acquires exclusive jurisdiction over all its property wherever located, including a wholly owned subsidiary. We disagree.

> Except in circumstances in which the parent and subsidiary are so completely "one" that the corporate veil may be pierced with impunity and technicalities laid aside [not the situation here], the tendency of the courts, in general, is to interpret their jurisdiction over the debtor parent as limited to the parent's property ownership, i. e., to the stock held by the parent corporation. Hence the court in which the parent is being reorganized has no jurisdiction to enjoin an action against a subsidiary of the debtor, even though the debtor is a substantial shareholder, and though the outcome of the plan will be affected by the pending suit. Such a suit is not against the debtor's property, since it is directed not against the debtor's stock but against the assets of the subsidiary. 6 Collier on Bankruptcy ¶ 3.11, at 500 (14th ed. 1972). *See also* In re Adolph Gobel, Inc., 80 F.2d 849 (2d Cir. 1936).

The Northern District, as Tulsa Crude's reorganization court, acquired jurisdiction only over Tonkawa's stock. Section 111 did not confer upon it additional jurisdiction over Tonkawa's assets. It would have acquired that power had a petition by or against Tonkawa been filed there, under 11 U.S.C. § 529.[3] That was not done. The only petitions involving Tonkawa, either in straight bankruptcy or under Chapter X, were filed in the Western District, which thereby became Tonkawa's reorganization court.

■ Even though the Tonkawa proceeding is properly in the Western District, appellant asserts it should be transferred to the Northern District to effectuate the general policy of allowing parent and subsidiary to be reorganized in a single proceeding. We recognize this policy but believe it is one of several factors to be considered by the reorganization court in determining whether a transfer would best serve the interests of the parties.[4] Such a decision, which must be made on a case-by-case basis, is discretionary and will not be disturbed on appeal absent an abuse of that discretion.

■ Transfer and consolidation, it is asserted, would best serve the interests of the parties. Tulsa Crude and its previously consolidated subsidiaries are to be liquidated and appellant claims Tonkawa's inclusion in the liquidation plan would form an integrated business package which would be more attractive to prospective purchasers. We believe this would needlessly dilute the claims of Tonkawa's creditors, and jeopardize their interests.[5] Tulsa Crude is burdened by massive amounts of debts and

---

2. 11 U.S.C. § 511 provides:

   "Where not inconsistent with the provisions of this chapter, the court in which a petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and its property, wherever located."

3. 11 U.S.C. § 529 provides:

   "If a corporation be a subsidiary, an original petition by or against it may be filed either as provided in section 528 of this title or in the court which has approved the petition by or against its parent corporation."

4. 11 U.S.C. § 55(c) provides:

   "The judge *may* transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, *if the interests of the parties will be best served.*" (Emphasis added).

5. This is an important consideration in view of the fact that Tonkawa's creditors are separate from Tulsa Crude's creditors.

administrative expenses. Tonkawa, on the other hand, has developed into a highly efficient business operation under appellee's management and is currently making a profit of $30,000 a month. Moreover, adoption of appellant's proposal to liquidate Tonkawa would ignore one of the primary purposes of Chapter X, which is to effect the rehabilitation of corporate debtors. 6 Collier On Bankruptcy ¶ 0.11, at 116 (14th ed. 1972).

There are several additional factors which favor retention instead of transfer. Tonkawa has operated independently of its parent and has separate creditors. With the exception of the Houston National Bank (Tonkawa's largest and only secured creditor), Tulsa Crude and a subsidiary, sixty-seven creditors have filed claims against Tonkawa. Thirty-two of these creditors are out-of-state and thirty-two are located in the Western District of Oklahoma. Only three Tonkawa creditors are located in the Northern District. Of these three, two have offices or counsel in the Western District. The third, an individual, has a claim of only $292.

Tonkawa's books and records are located in the Western District. Transferring these documents to the Northern District would result in a delay in the proceedings while appellant becomes acquainted with them, and the logistics involved would entail cumbersome clerical work.

The Western District is the situs of Tonkawa's principal place of business. Most, if not all, of its assets and customers are located there. Finally, appellee, peculiarly qualified to supervise Tonkawa because of his prior business experience, resides in the Western District.

Based on these circumstances we find no abuse of discretion and conclude that retention of the Tonkawa reorganization in the Western District of Oklahoma, rather than transfer to the Northern District, will best serve the parties' interests.

Accordingly, we affirm.