**In the Matter of UNISHOPS, INC., Debtor.**

**No. 996, Docket 74–1309.**

United States Court of Appeals, Second Circuit.

Argued March 21, 1974.

Decided March 27, 1974.

Michael J. Crames, New York City (Levin & Weintraub, Martin I. Klein, New York City, of counsel), for debtor-appellant Unishops, Inc.

William I. Popper, New York City (Popper & Popper, New York City, on the brief), for appellee Questor Ed. Products Co. and Child Horizons, Inc.

Samuel Kaufman, Pittsburgh, Pa. (Kaufman & Harris, John M. Crimmins, Pittsburgh, Pa., Jackson, Lewis, Schnitzler & Krupman, Victor Schachter, New York City, on the brief), for appellee Action Industries.

Allen N. Ross, New York City (Blumberg, Singer, Ross, Gottesman & Gordon, Frederick Newman, New York City, of counsel), for appellee Brunswick Corp.

William T. Sullivan, New York City (Willkie Farr & Gallagher, New York City, on the brief), for appellee Rogers Wholesalers, Inc.

Kenneth Simon, New York City (Taylor, Ferencz & Simon, New York City, on the brief), for appellee AC&R Advertising Inc.

Lowell A. Margolin, New York City (Hess Segall Popkin Guterman Pelz & Steiner, New York City, on the brief), for appellee Manow Int. Corp.

Murray A. Gordon, New York City (Ronald H. Shechtman, New York City, of counsel), for appellee Retread Distributors, Inc.

Robert P. Herzog, New York City, for appellee Vic Chemical Co. Div., of Richardson-Merrell, Inc.

Before MOORE, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal by the debtor and the debtor in possession, Unishops, from an order of the United States District Court for the Southern District of New York, Hon. Charles L. Brieant, Jr., *Judge*, dated March 4, 1974, affirming an order of Bankruptcy Referee Roy Babitt, dated February 6, 1974, which denied an application of Unishops for an injunction restraining suits against its subsidiaries by vendors who claim to be creditors of those subsidiaries. The application was brought on by an order to show cause, containing a temporary restraining order, entered in the bankrupt-

cy court on December 13, 1973. After hearing the parties, Referee Babitt held that even assuming the truth of the applicant's allegations and looking at them in their most favorable light, no jurisdiction existed to grant the injunction. The Referee, however, continued the stay pending appeal to the district court. Judge Brieant heard argument on February 28, 1974 and issued a memorandum opinion and order affirming the Referee on the ground that the bankruptcy court lacked jurisdiction. The district court also granted a limited stay. On March 8, 1974, Unishops filed a notice of appeal and Circuit Judge Walter R. Mansfield signed an order to show cause continuing the stay until the argument of this appeal. The order of the district court is affirmed and the stay is hereby dissolved.

Unishops is the sole stockholder of some 13 subsidiary corporations which sell clothing, cosmetics and paper goods through numerous retail discount and specialty stores, as well as 281 leased departments in stores owned by others. In May 1973, Unishops agreed with certain banks that in the future all merchandise intended for public sale by its subsidiaries would be purchased by the parent instead of the prior practice which involved purchase by each subsidiary on its own faith and credit. On June 1, 1973, Unishops advised "all vendors" that "all orders now in your possession or hereafter given to you shall be considered given by the parent corporation, Unishops, Inc., and the parent corporation hereby assumes liability for the payment of all invoices." Five months later, on November 30, 1973, Unishops filed a petition for arrangement under Chapter XI of the Bankruptcy Act, and since that time has continued business as a debtor in possession. None of its subsidiaries have so filed.

Unishops contends that despite this failure of its subsidiaries to invoke the jurisdiction of the bankruptcy court, the court erred in refusing to restrain the appellees here, and other persons claiming to be creditors of its subsidiaries, from prosecuting actions in state courts against those companies. The position of Unishops that the bankruptcy court has jurisdiction to enjoin any threatened or pending state actions on the theory that the parent, and not the subsidiaries, is the real debtor, is without any legal precedent and must be rejected for the reasons set forth in Judge Brieant's opinion below. This court has recently held, In Re Beck Industries, Inc., 479 F. 2d 410, 416 (2d Cir. 1973), that the bankruptcy court cannot expand its jurisdiction over a debtor's subsidiary absent a showing that the subsidiary is a mere sham rather than a viable entity.

We agree with the position of the bankruptcy court and the district court that even accepting all the allegations in Unishops' application to be true, the subsidiaries cannot be characterized as shams in any real sense. The fact that the parent may have assumed liability for the debts of its subsidiaries does not alter their corporate viability. We have been cited no authority for the proposition that a federal bankruptcy court can properly enjoin creditors from pursuing in the state courts actions against the subsidiaries which involve a variety of fact patterns and legal relationships arising under the laws of numerous states. As we pointed out in *Beck*, even though a successful action against a subsidiary may reduce the value of the debtor's estate, Congress has not given the bankruptcy court jurisdiction over all controversies which affect that estate. 479 F.2d at 415. Certainly the unilateral action of Unishops, evidenced by its letters of June 1, 1973, cannot properly be the basis for thwarting actions by creditors against the subsidiaries in state courts. The subsidiaries obviously are free in those forums to present whatever defenses they may wish to urge, but to prevent such litigation in advance would constitute an extraordinary interference clearly beyond the jurisdiction of the federal court. If the subsidiary companies seek the protection of the bankruptcy court against a plethora of actions, then, of course, they should invoke its jurisdiction.

Affirmed.