### In the Matter of HERITAGE HILLS, etc., Debtor,

v.

### ZION'S FIRST NATIONAL BANK, etc., et al.

Nos. 77–1257, 78–1781.

United States Court of Appeals, Ninth Circuit.

May 24, 1979.

Rehearing Denied Aug. 28, 1979.

---

E. Gene Wade (argued), Wade, Nelson & Andersen, Mesa, Ariz., for appellant.

John J. Dawson (argued), Streich, Lang, Weeks, Cardon & French, Frederick K. Steiner, Jr., Michael Terry (argued), Snell & Wilmer, Phoenix, Ariz., for appellees.

Before MERRILL and WRIGHT, Circuit Judges, and SWEIGERT,* District Judge.

MERRILL, Circuit Judge.

Appellant in 1975 was engaged in business in the state of Arizona under the name of "Heritage Hills, a limited partnership." On July 2, 1975 under that name it filed a petition for relief as debtor under Chapter 12 of the Bankruptcy Act (Real Property Arrangements by Persons Other Than Corporations) 11 U.S.C. § 801 *et seq.* It sought an arrangement with respect to its interests in real property mortgaged to others and a stay of foreclosure by the secured creditors. Certain secured creditors of the petitioner, appellees on this appeal, filed a complaint and a motion to dismiss the petition for lack of jurisdiction. The motion was granted by the Bankruptcy Court, the petition was dismissed and that judgment was affirmed by the district court. Appeal from that order was taken by Heritage Hills, presenting those issues we discuss in No. 77–1257, one of the two consolidated appeals now before us.

"Heritage Hills, a limited partnership" is composed of eight partners. All are corporations. The designated general partner is International Management and Advisory Corporation. The partners who sought to limit their liability are Heritage Hills I, Inc. through Heritage Hills VII, Inc. Under Arizona law A.R.S. § 29–302 A those desiring to form a limited partnership must sign and acknowledge a certificate giving information with respect to the partnership, all partners and the rights of the limited partners, which must be filed for record in the county which is the principal place of business of the partnership. Section 29–302 B reads "[a] limited partnership is formed if there has been substantial compliance with [the certificate requirements]." A certificate was filed by Heritage Hills on September 22, 1975, over two months after the petition in this matter was filed. No certificate had been filed prior to that time. On these facts the Bankruptcy Court ruled that it had no jurisdiction under Chapter 12 for the reason that the petitioning entity under Arizona law was not in existence at the time the petition was filed. On appeal the district court agreed.

Section 406(6) of the Bankruptcy Act, 11 U.S.C. § 806(6) defines "debtor" for the purposes of Chapter 12 as "a person, other than a corporation as defined in this title." Section 1(8) of the Act, 11 U.S.C. § 1(8) defines "corporation" for purposes of the act as follows

"Corporation" shall include all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument.

The Bankruptcy Court ruled (and the district court affirmed) that Heritage Hills was a corporation under this definition and thus was precluded from securing relief under Chapter 12.

We hold that in both respects the courts below were in error.

*Existence of "Heritage Hills, a Limited Partnership" as a Business Entity at Time of Filing its Chapter 12 Petition*

Heritage Hills has conceded that it did not exist *as a limited partnership* on

---

* Hon. William T. Sweigert, Senior United States District Judge for the Northern District of California, sitting by designation.

July 2, 1975. The fact remains, however, that it did exist as a business entity, since it was doing business under the name it had assumed. The fact that it was not a limited partnership means no more than that the liability of the limited partners upon obligations of the partnership had not effectively been limited to the amounts they had subscribed in the venture. While the intended partners might among themselves rely upon their agreement as to the limited nature of their liability, all of the partners had general liability insofar as third parties were concerned and to that extent the partnership, despite the name which it had assumed, was on July 2, 1975 a general partnership.

■ Arizona law A.R.S. 29–102 provides "Every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in the business, shall record with the county recorder of the county in which the [principal] place of business is located a certificate [giving certain information regarding the partners]." Arizona law does not, however, make the filing of such a certificate a necessary condition to the birth of the business entity. Nor does a failure to file put it to death. Failure to file results only in limiting the access of the partnership to state courts in connection with business transactions. The continuing existence of a noncomplying partnership is, however, not affected.[1]

The fact that the name assumed by the partnership was a mis-description does not require a different result. Appellees argue that the partnership had to be what it said it was or it was nothing. We cannot agree. We return to the undisputed fact that the entity did exist in some form and had for some time engaged in business. If the mis-description caused injury to someone by virtue of his reliance, a claim for misrepresentation might well result. This is not, however, the issue before us.

■ We conclude that "Heritage Hills, a limited partnership" did exist as a business entity on July 2, 1975 and that its failure to file a certificate of limited partnership prior to filing its Chapter 12 petition did not impair the jurisdiction of the Bankruptcy Court.

### Heritage Hills as a Corporation

■ Appellees contend that the definition of corporation in § 1(8) of the Act includes Heritage Hills and, for that reason that Chapter 12 is not available to it.

First it is asserted that Heritage Hills is a "body" having some of the "powers and privileges of private corporations not possessed by individuals or partnerships." Just what Congress intended to mean by "powers and privileges" is unclear. Appellees suggest that it means "characteristics" and point out certain similarities between Heritage Hills and corporations. However, in our view, the language used in the definition serves effectively to exclude all partnerships (save the "partnership association" that is expressly included). We do not see how it can be claimed rationally that a partnership can possess a power or privilege not possessed by partnerships. The partnership association specified in the definition is in effect a limited partnership with no general partner and is recognized only in four states. *See* 2 *Cavitch, Business Organizations* § 40.01–40.04.

The definition read in its entirety seems to be concerned primarily with the characteristic of limited liability common to all the "bodies" expressly enumerated. As to none of them do we find a member standing behind the body's obligations. Heritage Hills lacks the limited liability which characterizes the listed entities. Here the general partner is fully liable for the partnership's debts. Further since all the would-be

---

1. Factors considered in determining the existence of a partnership are listed in A.R.S. §§ 29–206-07. "[T]he facts, circumstances, and most important, the intention of the parties control" as to the existence of a partnership.

*Myrland v. Myrland,* 19 Ariz.App. 498, 508 P.2d 757, 761 (1973). The lack of documentation is not a critical factor. *Id.*

limited partners here were in law general partners so far as third parties were concerned each was, at the time the petition was filed, also fully liable.

Appellees contend that accepting limited liability as the primary concern, Heritage Hills should be held a corporation under the act as matter of law for two reasons, either of which should suffice: (1) the general partner is a corporation and (2) all partners are corporations. It is argued that, treating Heritage Hills as a limited partnership, the only partner liable for its debts has limited its liability by taking the corporate form. Treating the partnership as a general partnership, all parties have similarly limited their liability. From this it is reasoned that liability for debts of the partnership falls on entities that are not eligible to file for Chapter 12 relief.

■ This overlooks the fact that the corporate partners are not seeking relief through an arrangement on their own behalf. A Chapter 12 arrangement does not encompass the partners' individual business organizations, but instead relates only to the partnership—a venture in which they are jointly engaged. *Acme Tool, Inc. v. Flesher*, 309 F.2d 636, 637 (10th Cir. 1962). The fact that the shareholders of a member of a partnership have limited *their* liability on *their corporation's* obligations is not relevant. What is relevant is that *the corporation* as partner is liable to the full extent of *its* assets on *the partnership's* obligations in the same manner that an individual partner would be.

■ We conclude that Heritage Hills was not a corporation within the meaning of § 1(8). We conclude that on neither ground relied on by the Bankruptcy Court and the District Court can it be said that the Bankruptcy Court was without jurisdiction. Summary judgment was, then, in error and the case must be remanded for further proceedings.

### Other Matters That May Be Considered On Remand

■ Throughout the briefs and arguments of counsel it has been emphasized that all corporate partners have the same president and that their business address is his. The suggestion by innuendo is that the corporate general partner, by associating other corporations commonly owned, has managed to avoid the limitation of Chapter 12 and vest itself with benefits to which it otherwise would not be entitled. If indeed the corporations Heritage Hills I through Heritage Hills VII are sham, created for the purpose of acting as partners, and the partnership itself can be shown to have been created in bad faith and for no business purpose other than qualification for Chapter 12 relief, grounds for disregard of the partnership entity may well be presented. *See In re Unishops, Inc.*, 494 F.2d 689 (2d Cir. 1974); *In re Collins*, 75 F.2d 62 (8 Cir. 1934). This question the Bankruptcy Court did not reach since it held itself to be without jurisdiction. On remand such grounds for dismissal can be explored.

Appellees have suggested that all seven limited partners have been dissolved by state action and that as a consequence they no longer exist as partners and that all that is left of Heritage Hills is a proprietorship of the general partner, a corporation. Appellees therefore moved to have the petition for Chapter 12 relief dismissed as moot. This presents questions of state law on the extent to which a corporation or its rights (including the right as partner to secure Chapter 12 relief on behalf of the partnership) survive dissolution. These questions can be explored on remand should appellees below renew their motion to dismiss on this ground.

### Appeal No. 78–1781

In response to appellees' complaint seeking dismissal of Heritage Hills' petition for Chapter 12 relief, Heritage Hills filed an answer asking affirmative relief. It pointed out that an automatic stay of foreclosure followed as a matter of law from the filing of its petition. It alleged that appellees had proceeded in violation of that stay to perfect their acquisition of Heritage Hills' real property equities. It sought an order

requiring appellees to "disgorge" what they unlawfully had acquired. The Bankruptcy Court held that since it was without jurisdiction to entertain the petition no stay had resulted. Judgment for appellees resulted and Heritage Hills has appealed—Appeal No. 78–1781. Since we conclude that the Bankruptcy Court did have jurisdiction this judgment must be vacated in order that the complaint of Heritage Hills can be reexamined in the light of such orders as may result from our remand of the Chapter 12 proceedings.

Appellees' motion for dismissal of the appeal is denied; the motion may be renewed below.

In Appeal No. 77–1257 judgment is reversed and the case is remanded for further proceedings.

In Appeal No. 78–1781 judgment is vacated and the case is remanded for reconsideration in light of such orders as may be entered on remand of Appeal No. 77–1257.