### In re CLIFFORD RESOURCES, INC., Debtor.

### ANVIL PARTNERSHIP, Plaintiff,

v.

### CLIFFORD/SOONER DRILLING PROGRAM, et al., Defendants.

### Adv. No. 82–6185–A (PBA).

United States Bankruptcy Court, S.D. New York.

Nov. 22, 1982.

Skadden, Arps, Slate, Meagher & Flom, New York City, for Clifford Resources, Inc., Clifford/Sooner Drilling Program and Harold H. Clifford, III.

Ford, Marrin, Esposito & Witmeyer, New York City, for Anvil Partnership.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for Federal Deposit Ins. Corp.

### OPINION ON MOTION TO DISMISS DEBTOR'S APPLICATION FOR REMOVAL

PRUDENCE B. ABRAM, Bankruptcy Judge:

On October 6, 1982, Clifford Resources, Inc. ("CRI"), a debtor in a Chapter 11 case which was filed on September 8, 1982, in the Northern District of Texas, filed an application for removal of an action in the Supreme Court of the State of New York, County of New York, captioned Anvil Partnership, a New York partnership, v. Clifford Resources, Inc., Harold H. Clifford, III, Clifford/Sooner Drilling Program, William G. Patterson, William P. Jennings, Carl W. Swan, Federal Deposit Insurance Corporation, as Receiver to Penn Square Bank, N.A., Citibank, N.A. and Does I through

XX, Index No. 21233/82 (the "State Court Action") to this Court. Without the added fact discussed below, there would be no question that under Interim Bankruptcy Rule 7004(c) the application, being timely filed, would have, without more, effectuated the removal of the action to this Court. It appears, however, that on or about September 22, 1982, the Federal Deposit Insurance Corporation as Receiver to Penn Square Bank, N.A. ("FDIC") removed the State Court Action as of right to the federal court for the Southern District of New York and that it was assigned to Judge Charles E. Stewart, Jr. and given Civil Action Index No. 82 Civ. 6298 (the "Federal Court Action"). This Court need not rule on the interesting question of the effectiveness of the removal of an action already removed since on October 27, 1982, CRI filed a Supplemental Application for Removal removing the Federal Court Action.

The original removal petition, although perhaps ineffective, was timely under Interim Rule 7004(a)(2) having been filed within 30 days after the order for relief in the CRI Chapter 11. The Supplemental Application was filed less than 30 days after CRI alleges that it learned of the FDIC removal, but more than 30 days after the removal application was filed. Rule 7004 provides that the removal petition is to be filed within 30 days after "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." The 30-day time limit in the Interim Rules is not contained in 28 U.S.C. § 1478, the statutory provision governing removal, and arguably impermissibly restricts a substantive right. However, the Court views Bankruptcy Rule 906(b) as authorizing it to enlarge a time period upon a showing of excusable neglect. In light of the promptness of the filing of the Supplemental Application after the obtaining of knowledge of the removal of the State Court Action, the Court will consider the removal petition to have been timely filed. Therefore, the Federal Court Action which has superseded the State Court Action, and the State Court Action, to the extent it may exist, are be-

fore this Court, having been properly removed.

■ On November 12, 1982, Anvil Partnership filed a notice of voluntary dismissal of the action as to CRI, under Rule 741 of the Rules of Bankruptcy Procedure, which apparently is permissible as it does not appear that CRI has filed an answer to the complaint. Thus, at this time, the debtor is not a party to the action pending before this Court.

For the reasons set forth below, the Court remands the action to the Federal Court. Although 28 U.S.C. § 1478 does not limit removal to actions to which the debtor is a party, it does restrict removed actions to actions over which the bankruptcy court has jurisdiction. The debtor has urged that property of the estate is involved in the action. If that were the case, it might be appropriate to retain the action. However, the Court views the law of this circuit as clearly stating that property of the estate is not involved. The debtor CRI is a general partner of Clifford/Sooner Drilling Program ("Drilling"), which is not a debtor. Anvil seeks to rescind an agreement with Drilling on the grounds of fraud and recover the monies paid. Rescission, if granted, would diminish Drilling's assets and hence, reduce the value of CRI's interest as general partner. Judgment against CRI would be a monetary one for damages for fraud. The Bankruptcy Code treats a partnership as an entity separate and distinct from its partners. *See* 1A *Collier on Bankruptcy* (14th ed.) ¶ 5.03 *et seq.* It is undisputed that Drilling is not a debtor under the Bankruptcy Code.

*In re Beck Industries, (Feldman v. Trustees of Beck Industries, Inc.)*, 479 F.2d 410 (2d Cir.1973), *cert. den.* 414 U.S. 858, 94 S.Ct. 163, 38 L.Ed.2d 108, is directly on point, and remains good law although decided under the former Bankruptcy Act. *See,* 2 *Collier on Bankruptcy* (15th ed.) ¶ 362.04. There a parent corporation, a debtor in a Chapter X case, sought to enjoin continuation of a lawsuit, which if determined adversely would seriously impair the value of the stock of a non-debtor subsidiary. The lawsuit sought to rescind the transaction under which the subsidiary had been sold to the Chapter X parent corporation.

"The sole effect of a judgment against subsidiary, therefore, would be to lower the value of subsidiary's outstanding shares. Thus, under traditional reasoning the dispute between appellants and subsidiary is a controversy which might affect the worth of the debtor's estate, *see Callaway v. Benton* [336 U.S. 132, 69 S.Ct. 435, 93 L.Ed. 553], *supra*, but not title to its 'property.'" 479 F.2d at 416.

*See also In re Adolf Gobel, Inc.,* 80 F.2d 849 (2d Cir.1936); *In re South Jersey Land Corp.,* 361 F.2d 610 (3rd Cir.1966); and *In re Unishops,* 494 F.2d 689 (2d Cir.1974).

To permit this action to proceed in the bankruptcy court would be to give non-debtors aligned with CRI the benefits of the Bankruptcy Code without the attendant burdens. It would be inequitable to compel Anvil Partnership to litigate its claims against non-debtors in the Bankruptcy Court and it would not further the purpose of the Bankruptcy Code to retain the action. Therefore, this action is remanded to Judge Stewart.

SO ORDERED.