In re HOLYWELL CORPORATION, Miami Center Limited Partnership, Miami Center Corporation, Chopin Associates and Theodore B. Gould,

Theodore B. GOULD, Miami Center Corporation, Miami Center Limited Partnership, Chopin Associates and Holywell Corporation, Appellants,

v.

Fred Stanton SMITH, as Trustee of the Miami Center Liquidating Trust, Appellees.

No. 89–0948–CIV, Case No. 89–1451–CIV.

Bkrtcy Nos. 84–01590–BKC–SMW to 84–01594–BKC–SMW.

Adv. No. 88–0247–BKC–SMW–A.

United States District Court, S.D. Florida.

Aug. 30, 1990.

See also, D.C., 93 B.R. 780.

Theodore B. Gould, pro se.

Robert M. Musselman, Robert M. Musselman & Associates, Charlottesville, Va., Scott D. Sheftall, Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, Miami, Fla., for appellants.

Herbert Stettin, Vance E. Salter, S. Harvey Ziegler, Miami, Fla., Thomas Noone, New York City, for appellees.

## ORDER REVERSING BANKRUPTCY COURT AND REMANDING FOR FURTHER PROCEEDINGS

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon THEODORE B. GOULD, MIAMI CENTER CORPORATION, MIAMI CENTER LIMITED PARTNERSHIP, CHOPIN

ASSOCIATES and HOLYWELL CORPO-RATION's consolidated appeal from three orders entered by the United States Bankruptcy Court in an Adversary Proceeding. The appealed orders are as follows:

1. Order on Adversary Complaint and Pending Motions, *Fred Stanton Smith, etc. v. Theodore B. Gould,* Case No: 84–01590/91/92/93/94–BKC–SMW, ADV. No: 88–0247–BKC–SMW–A, slip op. (Bankr.S.D.Fla. June 8, 1989);

2. Order on June 1, 1989 Status Conference, *Fred Stanton Smith, etc. v. Theodore B. Gould,* Case No: 84–01590/91/92/93/94–BKC–SMW, ADV. No: 88–0247–BKC–SMW–A, slip op. (Bankr.S.D.Fla. June 9, 1989); and

3. Judgment, *Fred Stanton Smith, etc. v. Theodore B. Gould,* Case No: 84–01590/91/92/93/94–BKC–SMW, ADV. No: 88–0247–BKC–SMW–A, slip op. (Bankr.S.D.Fla. June 9, 1989).

THE COURT has heard oral argument, considered the briefs and appendices filed in support of and opposition to the appeal and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the decisions of the United States Bankruptcy Court in the three orders on appeal are reversed. The cause is remanded for evidentiary hearings consistent with this opinion.

I

The Liquidating Trustee filed a four count adversary complaint on May 19, 1988, against the five discharged debtors in these Chapter 11 proceedings seeking to identify, locate and recover property claimed by the Liquidating Trustee as assets of the Liquidating Trust. The property the Liquidating Trustee sought to locate and recover consisted of the stock and net assets of fifty listed non-debtor subsidiaries of the debtors. Simultaneous with the filing of the adversary complaint, the Liquidating Trustee filed a request for production for discovery into the financial affairs of the wholly owned subsidiaries. By order dated May 23, 1988, the Bankruptcy Court required production of these documents. Despite the May 23, 1988 order compelling production and several subsequent orders compelling production, the debtors failed to produce the requested records. Similarly, the record indicates that the debtors, despite various orders compelling production, failed to produce records of their own post-confirmation financial transactions.

On the basis of the debtors' repeated failure to comply with discovery orders, the bankruptcy court struck the Debtors' Answer and Affirmative defenses in the adversary action and entered a default in favor of the plaintiff. *See* Order on Adversary Complaint and Pending Motions, *Fred Stanton Smith, etc. v. Theodore B. Gould,* Case No: 84–01590/91/92/93/94–BKC—SMW, ADV. No: 88–0247 BKC—SMW—A, slip op. (Bankr.S.D.Fla. June 8, 1989). In addition, the Bankruptcy Court granted all of the relief sought in the adversary complaint. *See id.* The Court determined that it had jurisdiction over the parties and the subject matter of the adversary complaint under the terms of the confirmed plan of reorganization and as provided in 11 U.S.C. § 1142 and 28 U.S.C. § 157. *Id.*

By "Order on June 1, 1989 Status Conference," *Fred Stanton Smith, etc. v. Theodore B. Gould,* Case No: 84–01590/91/92/93/94–BKC—SMW, ADV. No: 88–0247 BKC—SMW—A, slip op. (Bankr.S.D.Fla. June 9, 1989), the Bankruptcy Court again determined that the failure to comply with the discovery orders justified the striking of the debtors' pleadings and the entry of default. The Bankruptcy Court instructed the plaintiff to reschedule the matter for trial to enforce the rights granted by the default. It also fined the defendant debtors the sum of $1,000 for each day from and including June 1, 1989, until the requested documents were produced. Lastly, the Bankruptcy Court found and certified to the United States District Court that the Defendants were in contempt and recommended that the defendants be punished through the continued

imposition of the fine and a period of incarceration not to exceed ten (10) days (or until compliance, whichever first occurred). Also on June 9, 1989, the Bankruptcy Court entered a "Judgment," *Fred Stanton Smith, etc. v. Theodore B. Gould,* Case No: 84–01590/91/92/93/94–BKC—SMW, ADV. No: 88–0247 BKC—SMW—A, slip op. (Bankr.S.D.Fla. June 9, 1989), in which it deemed the findings of fact and conclusions of law contained in its "Order on June 1, 1989 Status Conference" to be its judgment in the adversary proceedings.

Because the Court finds that the record as it is presently developed fails to support a conclusion that the Bankruptcy Court properly possessed subject matter jurisdiction in the adversary proceeding, it vacates the Bankruptcy Court's decision to strike the debtors' Answer and Affirmative Defenses, enter a default, impose a fine and find the debtors' in contempt and remands the cause for further evidentiary hearings consistent with the mandates of this opinion.

## II

 Congress has not given bankruptcy courts exclusive jurisdiction over all controversies that in some way affect the debtor. *Matter of Reading Co.,* 59 B.R. 1011 (E.D.Pa.1986). In particular, the bankruptcy statutes do not give a bankruptcy court jurisdiction over property belonging to an entity owned in whole or in part by the bankrupt without first finding that the property also constitutes a part of the bankrupt's property. *Matter of Pentell,* 777 F.2d 1281 (7th Cir.1985). Case law shows, for instance, that bankruptcy courts lack jurisdiction to disburse a partnership's property to a bankrupt partner's creditors where the bankruptcy involved only that partner and the partnership agreement did not provide that any single partnership asset was to be deemed the property of any individual partner. *See id.*

 Based on the record on appeal, this Court cannot conclude that the proceedings below from which these appeals are taken concerned the property of the bankrupts' estate. The adversary proceeding brought before the bankruptcy court primarily involved assets belonging to non-debtor subsidiaries of the five bankrupt entities. In general, and absent unusual circumstances, the property of a debtor's subsidiary is not considered property of the debtor by virtue of the debtor's sole ownership of the subsidiary. *See In re South Jersey Land Corp.,* 361 F.2d 610 (3d Cir. 1966); *Parkview–Gem Inc. v. Stein (In re Parkview–Gem),* 516 F.2d 807 (8th Cir. 1975); *In re Unishops Inc.,* 494 F.2d 689 (2d Cir.1974); *In re Beck Industries, Inc.,* 479 F.2d 410 (2d Cir.) *cert. denied, Trustees of Beck Industries, Inc. v. Feldman,* 414 U.S. 858, 94 S.Ct. 163, 38 L.Ed.2d 108 (1973). Under Florida Law (which determines what constitutes the property of the Liquidating Trust)[1] the fact that a parent company owns all of the stock of a subsidiary does not permit a Court to disregard their separate entities unless there are other aggravating circumstances. *Bendix Home Systems, Inc. v. Hurston Enterprises,* 566 F.2d 1039, 1042 (5th Cir.1978). Florida law allows a Court to disregard the separate identities of two or more corporations on a showing that one corporation is a mere instrumentality of the other and that the corporation is a device or a sham to mislead creditors or exists for fraudulent purposes. *Id.* The record before this court, however, does not show that any factual determination has been made by a court of competent jurisdiction as to whether the non-debtor subsidiaries constitute mere instrumentalities of the debtors or shams meant to mislead creditors. Nor have the parties briefed this issue on appeal. Absent proof in the record that the requisite factual findings have been made, this Court cannot conclude that the bankruptcy statutes permitted the Bankruptcy

---

**1.** While 11 U.S.C. § 541(a)(1) holds that any legal or equitable interest the debtor held in property at the time of filing the petition becomes property of the estate, the nature of the interest is to be determined by non-bankruptcy state law. *See In re Livingston,* 804 F.2d 1219 (11th Cir.1986)

Court to assert jurisdiction in the adversary proceeding below.

■ Appellees would have this court believe that Courts have previously determined the assets of the non-debtor subsidiaries to constitute part of the bankrupts' estate. Consequently, they contend, the issue is settled by virtue of the principles of res judicata. As support for this position, appellees point to the decision of Judge Michael from the Western District of Virginia in 1988. *See* "Memorandum Opinion," *Twin Development Corp. v. Fred Stanton Smith, Bank of New York, and Irving Wolf,* 87–0037, slip op. (W.D.Va. November 15, 1988). In that decision Judge Michael ruled that Twin Corporation, a non-debtor wholly owned subsidiary of Holywell, is within the control of the trustee. Judge Michael, in turn, relied upon the res judicata effects of an opinion by Judge Ryskamp of the Southern District of Florida which held, on the basis of equitable estoppel, that certain assets of Twin could be applied to creditors' claims against the liquidation fund established by the bankruptcy court. "Order Affirming Decision of The Bankruptcy Court," *Holywell Corporation, and Theodore B. Gould v. The Bank of New York and Fred Stanton Smith, as Liquidating Trustee,* slip op. (S.D.Fla. Feb. 20, 1987).

These two opinions, however, fall short of indicating that all of the assets of Twin constitute assets of the estate. In fact, Judge Ryskamp's opinion comments that "it is apparent that the reorganization plan of the bankruptcy court did not 'substantively consolidate' Twin within the meaning of that term in § 105 of the Bankruptcy Code; Twin's assets and liabilities, with the exception of the proceeds from the sale of the Washington properties, remained wholly intact under the plan of reorganization." [2] *Id.* at 9. More importantly, these decisions do not at all discuss whether the other forty-nine non-debtor subsidiaries listed in the adversary complaint are sham corporations whose assets belong in the Liquidating Trust. As the record fails to show any court holding that the property of the fifty listed non-debtor subsidiaries is part of the property of the parent debtors,[3] this court finds that principles of res judicata do not establish that the property of the non-debtor subsidiaries is properly within the jurisdiction of the bankruptcy court.

It appears to this court that the trustee has consistently raised the stakes throughout the Holywell litigation. It is the experience of this court that the trustee's estimated need for funds and other assets associated with the debtors to fulfill the terms of the confirmed plan of reorganization has grown at an alarming pace since the inception of the plan. While it may very well be the case that the assets the trustee now seeks for the first time should be available to the bankruptcy estate, in the view of this court, the record does not yet support such a conclusion. Adequate factual findings must first be made to determine whether the assets of the subsidiary corporations fall within the reach of the estate as defined by the plan.

Finally, it should be observed that the trustee has not attempted to institute a proceeding that would lead to a plan for handling the liabilities of the affiliated non-debtor subsidiaries of the debtor corporations in the event the assets of these subsidiaries are found to be a part of the estate. Throughout the proceedings before this court, the appellants contended that the existence of such a plan is a pre-requisite to the trustee's right to seek discovery as to these subsidiaries and to this Court's exercise of jurisdiction over the assets of these subsidiaries. This Court, however, does not have to reach this issue.

---

**2.** The Court also notes that the record is devoid of any indication that the debtors have been substantively consolidated with the fifty non-debtor subsidiaries.

**3.** In reaching this conclusion, the court notes the fact that multiple proceedings have been instituted in the United States Bankruptcy Court as part of the Holywell litigation and seventy-odd appeals have been taken from those proceedings. Yet, the record fails to show that in any of those proceedings or appeals, which take place over a time period of over six years, this issue was ever adjudicated.

### III

For the reasons given above, this court finds that the record on appeal fails to support the bankruptcy court's assertion of jurisdiction in the adversary proceeding below. Accordingly, the decisions below are vacated and the cause is remanded for evidentiary proceedings consistent with this order.

DONE AND ORDERED.