[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON OPPOSITION TO CLAIM OF RECEIVERSHIP STAY
On January 11, 2001, defendant ARC IceSports of Danbury, Inc. ("ARC IceSports") filed a notice stating that ARC International Corp. was subject to the orders of a judge in a receivership proceeding in Canada. ARC IceSports Danbury, Inc. represented to the Court, by its counsel, that it is "100% owned by ARC International Corporation ("ARC International") as one of its third-tier subsidiaries."
ARC IceSports attached to its notice an order of the Ontario (Canada) Superior Court of Justice appointing a receiver of ARC International Corporation upon the petition of two creditors. In that order, which is dated October 23, 2000, the Court conferred on the receiver authority to manage all assets and property of ARC International, including authority "to exercise such powers and take such steps as the receiver deems necessary or appropriate with respect to any shares or other interests held by the defendant [ARC International] in any direct or indirect subsidiary or other entity and to exercise all rights of the defendant or holder of such shares or interests, including making application for receivership, making voluntary assignments in bankruptcy or otherwise utilizing insolvency proceedings in Canada and the United States in respect of any such subsidiaries." (10/23/00 Order para. 3(d))
This court has received no notice that ARC International's receiver has initiated any bankruptcy filing with regard to its subsidiary, ARC IceSports, the defendant in the actions before this court. The order CT Page 5741-ho concludes with the statement that the court "orders and requests the aid and recognition of any court of any judicial, regulatory or administrative body in any province or territory of Canada . . . and any court or any judicial, regulatory or administrative body of the United States and the States . . . to act in aid of and to be complementary to this court in carrying out the terms of this order."
At paragraph 10, the receivership order states as follows:
 This Court orders that no person may institute or continue any action or proceedings (whether by court process or otherwise) or exercise any private remedy for the enforcement of any claim against the Receiver, the defendant or the property without first obtaining leave of this Court upon seven clear days notice to the Receiver.
The wording of the October 23, 2000 order clearly applies to the plaintiffs' claims against ARC International Corporation. The terms of the order also preclude pursuit of an action to acquire ARC International's shares in ARC IceSports, since such shares are within the definition of the property of ARC International.
Plaintiffs The City of Danbury, Bucon, Inc., Erection Welding Contractors LLC, and Pavarini Construction Co., Inc. have filed submissions taking the position that nothing in the Ontario court's receivership order regarding ARC International prohibits their pursuit of claims against ARC IceSports. They point out that the object of their suits is not to acquire ARC International's shares in ARC IceSports, but rather to recover on claims for breach of contract and other claims against ARC IceSports.
Does the Canadian Court's Order Preclude Suits Against ARCInternational's Subsidiary?
While a recovery against ARC Icesports may diminish the value of the shares that ARC International holds in that subsidiary, the pending suits do not seek a transfer of ARC International's shares to the plaintiffs. Under U.S. bankruptcy law, a "debtor" in a bankruptcy proceeding is the person or operation concerning which proceeding under the Bankruptcy Act has been commenced. 11 U.S.C. § 101 (13), (41).
Suits against an independent corporation that is a subsidiary of a debtor in bankruptcy or reorganization are not to be stayed because the CT Page 5741-hp subsidiary's stock is held by a debtor in a bankruptcy proceeding.Trustees of Beck Industries, 479 F.2d 410 (2d Cir. 1973); In re HotelMartin Co. of Utica, 94 F.2d 643 (2d Cir. 1938); In re Adolf Gobel,Inc., 80 F.2d 849 (2d Cir. 1936). Although the Bankruptcy Act has been amended since Trustees of Beck Industries, supra, was decided, the principle cited above has been recognized as equally applicable under the subsequent code. In re Mego International, Inc., 30 B.R. 479, 481 (D.C. 1983), In re Clifford Resources, Inc., 24 B.R. 778, 780 (Bkrtcy S.D.N Y 1982), 2 Colher on Bankruptcy (15th Ed.) ¶ 362.04.
As the Bankruptcy Court stated in In re Lion Capital Group, 44 B.R. 690,701 (S.D.N.Y. Bkrtcy 1984), without any evidence that the subsidiary is an alter ego or mere instrumentality of the debtor corporation in the bankruptcy proceeding, "there is no basis for piercing the corporate veil or otherwise asserting that an action against those parent entities amounts to an action involving the property of the estate."
This court has been presented with no evidence that ARC Icesports, as opposed to the owner of its shares, has filed in bankruptcy, nor has it been presented with any evidence that ARC IceSports is an alter ego or mere instrumentality of the Canadian owner of its shares.
Lack of § 304 Proceeding
Section 304 of the U.S. Bankruptcy Code permits the foreign representatives of an estate in a foreign bankruptcy proceeding to file a petition with the appropriate bankruptcy court in the United States in order to administer assets of the estate located in this country. A U.S. creditor may intercede to protect its interest in assets located here. ARC International has submitted no evidence that it availed itself of the procedures afforded by § 304. Though Connecticut courts accord comity to foreign proceedings, they do so in a manner that honors this country's public policy considerations concerning the interests of U.S. citizens.turner v. Frowein, 253 Conn. 312, 352 (2000).
ARC International has not taken advantage of the U.S. bankruptcy procedures that would afford U.S. claimants a convenient forum for adjudication of their claims. Recognizing a stay of action against an apparently independent subsidiary corporation that is not named in the Canadian court's order would conflict with American law concerning the scope of stays and would pose an unwarranted impediment to the claims of U.S. entities that claim to be creditors of ARC IceSports.
Conclusion
CT Page 5741-hq
For the reasons set forth above, this court finds that the receivership order filed in the Canadian action against ARC International requires a stay of the plaintiffs claims against that entity but that it does not require and should not be interpreted to create a stay of the plaintiffs' claims against ARC IceSports, Danbury, Inc.
So ORDERED.
 ___________________________ BEVERLY J. HODGSON Date JUDGE of the SUPERIOR COURT